## ELIAKIM T. WALKER v. WILLIAM S. WHIPPLE.

*Partnership—Duration—Dissolution.*

Whether, where the duration of a partnership is not fixed by the agreement therefor, either partner cannot dissolve it at pleasure—Q. Whether any condition or limitation as to its duration can be ingrafted on the partnership contract as an implication from its nature—Q.

Appeal from Washtenaw. (Speed, J.) Oct. 29.—Nov. 19.

BILL for accounting, etc. Complainant appeals. Affirmed.

*Noah W. Cheever* and *Charles R. Whitman* for complainant. The duration of a partnership may be determined by all the facts and circumstances of its formation and the acts of the partners: Lindley on Partnership, 218–220; Parsons on Partnership, 415; Story on Part. §§ 84, 277; in case of a partnership at will, it may be dissolved at any time, but all subsisting engagements must be wound up, and the partnership continues for that purpose. *Peacock v. Peacock* 16 Ves. 49; *Crawshay v. Collins* 15 Ves. 218; *Featherstonhaugh v. Fenwick* 17 Ves. 298; *Crawshay v. Maule* 1 Swanst. 508; *Miles v. Thomas* 9 Sim. 606; but the partner dissolving it must do so in good faith at a reasonable time and in a reasonable manner, and so as not to be unnecessarily injurious to his copartner: Parsons on Part. 435; *Howell v. Harvey* 5 Ark. 270.

*Sawyer & Knowlton* for defendant. A partner not for a term can instantly dissolve the partnership without being liable in damages for so doing. *Fletcher v. Reed* 131 Mass. 312; *Buck v. Smith* 29 Mich. 166; 1 Colly. Part. §§ 100, 101; Parsons on Part. *401, 402; *Carlton v. Cummins* 51 Ind. 478; all that is requisite is that he should make this purpose distinctly known to the other partners; and as soon as it is known it takes effect, without any previous notice. Parsons on Part. *403; *Featherstonhaugh v. Fenwick* 17 Ves. 307; the withdrawal of a partner and his refusal to go on with the business amounts to a dissolution: *Pine v. Ormsbee*

2 Abb. Pr. (N. S.) 375 ; an implication that the partnership shall last for a certain time does not arise from the fact that goods have been bought, and debts created do not warrant such an inference ; nor does the fact that a lease has been taken for a definite term; nor that a partnership for a definite term had previously existed; nor that the business cannot be closed before a definite period without great loss. Pars. on Part. 382, 383 ; 1 Colly. Part. (6th ed.) Wood's notes, 158 ; *King v. Accum. Ass'e Co.* 3 C. B. (N. S.) 151; *Booth v. Parks* 1 Moll. 465.

CHAMPLIN, J. In this case it is conceded that the copartnership entered into was not limited by the express agreement of the parties. It was therefore determinable, in the absence of fraud, at the will of either party. I do not agree that a limitation may be ingrafted upon such a copartnership agreement by implication arising out of the business engaged in, or the circumstances of the case. It may be said that it is generally understood that such contract relations are not formed except with a view of engaging in some business which may require both time and capital to carry out the object for which the partnership was formed. It is nevertheless true that unless the term for which the partnership is to continue is limited or fixed by the agreement, either party may, at his pleasure, dissolve the relation. This is elementary law. The defendant exercised his right, and the partnership was dissolved by his refusing to continue the business further in company with complainant. It does not concern us what his reasons or motives for doing so were. There were no existing engagements of the firm that have interfered with the winding up of the partnership affairs. The whole matter between the partners was satisfactorily settled and adjusted by the decree appealed from by complainant, except a claim made by him, but which the court below disallowed, of prospective profits which complainant claims might have been realized had the defendant not dissolved the partnership. The effect of allowing such claim would be to mulct the defendant in damages for doing what he had a legal right to do.

I can find no warrant for the infliction of such penalty,

and the results which would flow from the establishment of such doctrine would be injurious and far-reaching in their consequences. The farthest courts have gone in this direction occurs in cases where, by the terms of the partnership agreement, the time for its duration was limited, and before the expiration thereof one of the parties has dissolved the partnership. But in such cases there has been a breach of the contract, and the damages allowed are such as were the consequences of such breach.

I think the decree of the circuit court should be

Affirmed with costs; and it is so ordered.

Morse, C. J. concurred.

Sherwood, J. The bill in this case was filed to settle the affairs of a copartnership previously existing between the parties. The partnership agreement was entered into in July, 1883, for the purpose of running a steam-threshing machine. The parties were equal partners in the ownership of the machine, and were to share equally in the expenses, profits and losses. They commenced business about the 7th day of August, and continued the same until about the 17th day of September, 1883, at which time the defendant became dissatisfied with the manner in which the machine was managed and the help controlled, took the engine and separator into his private custody and, against the consent and protest of complainant, locked them up into his barn, and refused to allow them to be longer used in the business. He subsequently gave to defendant notice that he dissolved the copartnership. At this time the business of threshing for that season was about half completed, and many contracts were outstanding and made with different parties to do their threshing, several of which had been partly completed; and the defendant refused to allow the plaintiff to use the engine and separator for the completion of such work, or to do any other work during the remainder of the season. The record shows that the gross proceeds of the business were from $100 to $120 per week. It also appears that the parties failed to

come to any adjustment or settlement of the company business, for the reason that the complainant claimed that he was entitled to damages because of the defendant's refusal to continue the partnership business through the season, or allow him the use of the machine to finish the jobs of work then on hand. The decree at the circuit was in favor of the complainant, but failed to give him the damages claimed, and he brings the case into this Court for review.

The complainant's claim for damages raises the only question needing consideration here. No written articles of copartnership were made. The time of its continuance was not limited by any express agreement between the parties. The limitation can only be considered and determined for the purpose of ascertaining the damages, if any, to which the complainant may be entitled. When the time is entirely indefinite, neither express nor implied limitation, the plaintiff cannot recover any damages at all; but if the circumstances under which the contract of copartnership was made show a limitation must necessarily be presumed or by reasonable intendment inferred, then the rule is different, and such limitation will be allowed to enter into the consideration of damages. The subject is one not entirely free from difficulty in any case; still there are cases where the question is so far capable of solution that courts may with safety fix the limit to which the copartnership relation and obligations extend when the agreement between the parties is silent upon the subject, and wherein a failure so to do would result in extreme hardship and injustice. Such consequences, however, can never receive the sanction of a court of equity when the jurisdiction is complete. It will always so construe a contract as to preserve equally the rights of all the parties. The object for which the copartnership was formed, the character of the business to be carried on, the season of the year in which it must be done, or within which the custom of the country requires it to be done, together with such other circumstances as necessarily accompany the making of the copartnership contract, will usually furnish sufficient aid to the court to enable it to determine the reasonable time the

copartnership must continue to preserve the equitable rights and interest of the parties thereto, as well as the rights of those doing business with the firm after notice to dissolve is given. This does not conflict with the well-established doctrine that it is the right of either partner in a partnership, when the time of its continuance is indefinite, to dissolve the relation as to all future business transactions. The relation cannot be created except upon the express or implied understanding between the parties that the undertakings of the firm with third parties during its existence shall be carried out. And if either party fails to discharge his obligations in this regard towards the other, he will become liable to the other in such damages as the latter in consequence thereof may sustain. Chancellor Kent says, in the third volume of his Commentaries, that "It is an established principle in the law of partnership, that if it be without any definite period, any partner may withdraw at a moment's notice, when he pleases, and dissolve the partnership. The civil law contains the same rule on the subject. The existence of engagements with third persons does not prevent the dissolution by the act of the parties, or either of them, though those engagements will not be affected, and the partnership will still continue as to all antecedent concerns, until they are duly adjusted and settled." [p. *53.]

Partners are trustees for each other as to the partnership property and effects, and in all their dealings with each other, relating to the partnership business, perfect good faith is required both before and after dissolution. Neither is entitled to the exclusive possession of the partnership property to the injury or damage of the other. Where a partnership, by the terms of the contract between parties, is to extend or continue for a definite period, and one of the partners forces a dissolution without reasonable cause, I can see no reason why he should not be liable to his copartner for such actual damages as he may sustain by reason of such violation of the contract; nor can I see any good reason why, in the adjustment of the copartnership accounts in equity, the court should not ascertain the facts when such a claim is made, and conclu-

sively determine the whole matter in the final decree. *Adams v. Kable* 6 B. Mon. 384; *Mc Mahon v. McCleman* 10 W. Va. 419; *Howell v. Harvey* 5 Ark. 270. In this case all the circumstances under which the contract was made fully appear in the record. The parties appear to have been farmers and neighbors. They both knew all about the business of threshing. They purchased the machine for the purpose of running it and threshing for other persons during the threshing season. They both engaged work for the machine, and had secured enough to keep it running through the entire season. The machine was a good machine, and its work was in good demand in the neighborhood, and the price for the work to be done was agreed upon when they commenced business. The weekly income, as well as the weekly expenses of carrying on the business, was definitely known to both parties from actual experience, so that there was no difficulty in ascertaining with much certainty the loss sustained each day the machine was idle. It was also clearly shown that the season of threshing continued about two months.

Under the facts above appearing I think it was clearly within the contemplation of the parties that the contract of copartnership should extend through the threshing season of 1883, and that such limitation is fairly to be presumed and implied. Any other construction, it seems to me, would hardly be in accord with good common sense. It further appears from the record that the complainant was ready and willing at all times to fulfill his copartnership obligations with the defendant, and that the latter forced a dissolution at a time when it would be attended with the largest amount of damages to the complainant, in the absence of any reasonable excuse for so doing; that he not only failed to act in that good faith towards his partner which the relation he sustained toward him required, but actually violated his contract of partnership with the plaintiff, and equity and justice require that he should make reparation to the complainant for the actual damages he has sustained. The testimony shows that twenty-four working days elapsed after the defendant took exclusive possession of the property of the

firm, and prevented its use by the plaintiff and refused to fulfill their partnership obligations to the farmer$ whose threshing they had engaged to do, or allow the plaintiff the use of the machine for that purpose, before the plaintiff purchased the defendant's interest in the machine. Had this purchase not been made, the plaintiff's damage would have been much greater than it is now. The net proceeds per week, we think, are clearly shown to be at least $88, which for four weeks would amount to the sum of $352, one-half of which should be added to the sums already allowed to complainant in the decree of the circuit judge, and with this modification the decree should stand

Affirmed, and the complainant allowed his costs.

CAMPBELL, J. concurred.