# DECISIONS

## OF THE

# Court of Appeals of Kentucky

### Bower & Bower v. Collinsworth.

#### (Decided January 27, 1920.)

### Appeal from Lawrence Circuit Court.

1. Appeal and Error—Partnership—Action—Objection That the Action Could Not Be Maintained—Waiver.—Where a partner sued his co-partners to recover balances alleged to be due in certain partnership transactions, and the defendants did not raise the question below that the action could not be maintained without asking a settlement of the partnership accounts, but joined issue and treated the case as properly brought and properly tried, an objection to the character and form of the action, made for the first time in the Court of Appeals, will not be considered.

2. Partnership—Terms—Finding of Chancellor.—Where there was a direct conflict in the evidence of the only two witnesses who testified as to the terms of a partnership agreement, the finding of the commissioner and chancellor will not be disturbed.

3. Partnership—Findings of Chancellor—Evidence—Sufficiency.—In an action by a partner against his co-partners to recover certain balances alleged to be due in certain partnership transactions, evidence considered and held to support certain findings of the chancellor and not to support others.

M. S. BURNS, ED. C. O'REAR and J. C. JONES for appellants.

FRED M VINSON, W. D. O'NEAL and JOHN M. WAUGH for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming on cross appeal and reversing on original appeal.

Bower & Bower were commission merchants at Cleveland, Ohio, engaged in the business of buying and selling cattle. Jeff Collinsworth was a farmer residing in Lawrence County, Kentucky. In June, 1913, Bower & Bower entered into a contract of partnership with Collinsworth by which they agreed to buy and sell cattle and divide the profits.

In the month of September, 1917, Collinsworth brought suit against Bower & Bower to recover the following sums:

(1) $49.50, being one-half of the commission on the sale of 39 cattle in the year 1913, and of 20 cattle and 450 lambs in the year 1915.

(2) $700.00, being one-half of the sum expended by Bower & Bower for yardage, bedding and feeding the cattle at Cleveland and charged to the partnership.

(3) $505.12, being one-half of the cost of pasturing certain cattle on plaintiff's farm.

(4) $607.09, being one-half of the interest collected from farmers during the years 1914, 1915 and 1916 on notes executed by them for the purchase price of cattle under an agreement by the partnership to repurchase the cattle.

(5) $432.21, the balance of one-half the profit realized from the sale of 90 head of cattle to Hill & Garver.

(6) $52.47, being one-half the profit on 30 head of cattle sold to T. R. McGlothin.

(7) $138.41, plaintiff's half of the profits on 30 cattle sold to James and N. E. Ellis, 23 sold to S. H. Kiser and 30 sold to H. Lambert.

(8) $162.50, being one-half of the purchase price of certain hogs paid to Phil Preece and refunded by him, and of $25.00 paid by Preece to secure his release from the contract.

Issue was joined as to all of the above items, as well as to the terms of the contract pleaded by plaintiff. By agreement of the parties the case was referred to the commissioner, who found for plaintiff on the following items; $44.50, commission on sales away from Cleveland; $279.79, balance of profit on Hill & Garvin transaction, together with interest amounting to $59.64; $162.50, one-half of the sum collected from Phil Preece; $138.41, one-half of the profits on the Ellis, Lambert and Kiser deals; $700.00 for yardage, feeding and bedding cattle at Cleveland; $74.79, interest on the sale of the Belcher cattle,

and another item of interest amounting to $213.00. The claim for $398.36, or one-half of $796.72, for interest charged against the partnership in 1913 and 1914, together with interest for $42.50 on note executed to defendants, was not allowed. The claim for $505.12 for pasture was also rejected. Exceptions were filed by both parties. Plaintiff's exceptions were sustained and on final hearing judgment was rendered in his favor for the following sums:

| | |
|---|---|
| Yardage, bedding and feed | $700.00 |
| Pasture | 505.12 |
| Commission (sales away from Cleveland) | 49.50 |
| Hill & Garver matter | 434.21 |
| Interest on Hill & Garver resale | 59.64 |
| T. R. McGlothin sale | 52.47 |
| Preece deal | 162.50 |
| Queen cattle | 51.25 |
| Kiser, Ellis and Lambert cattle | 138.41 |

The defendants appeal and plaintiff prosecutes a cross appeal.

The first ground urged for a reversal is that one partner cannot maintain an action against his co-partner, except to settle the partnership, on a claim growing out of a partnership transaction, until the business is wound up and the accounts finally settled, and that the petition should have been dismissed because plaintiff brought suit to recover certain balances alleged to be due in certain partnership transactions without asking a settlement of the partnership accounts. We find, however, that the action which was brought at common law was transferred to equity without objection, and was subsequently referred to the commissioner by agreement of the parties. At no point in the proceedings was there a demurrer, a motion or other step attacking the form of the action, or raising the question that the action could not be maintained. Issue was joined on the items pleaded, and the right of the commissioner to hear proof and report thereon, and of the court to determine the issues, was not questioned. On the contrary, appellants treated the case as properly brought and properly tried and were willing to take the chance of a decision in their favor. After an adverse judgment, they object for the first time in this court to the character and form of the proceeding and insist that it cannot be maintained. Under these

circumstances, the objection will not be considered and any error in the character or form of the proceeding will be deemed to have been waived. Preston v. Brown, 62 S. W. 265; Robards v. Jenkins, 76 S. W. 10.

Collinsworth testified that by the terms of the partnership contract, Bower & Bower were to furnish the money to buy the cattle and pay all the expenses at the selling end of the line, while he was to bear the expense incident to the purchase of the cattle and their delivery at the shipping point, and the profits were to be equally divided. On the other hand, Bower & Bower's agent, who made the agreement with Collinsworth, testified that Bower & Bower were to furnish the money and a man to assist in purchasing the cattle, and were not to charge any commissions at Cleveland. The question sharply presented, therefore, is whether Bower & Bower agreed to bear all the expense at the selling end of the line, or merely not to charge any commissions there. Both the commissioner and the chancellor decided this question in favor of Collinsworth, and since there is a direct conflict in the evidence of the only two witnesses who testified on the question, we are unable to say that the finding is opposed to the weight of the evidence, and for this reason the finding will not be disturbed. It appears that defendants charged the partnership with $1,400.00 for expenses incurred for yardage, feed and bedding of cattle at Cleveland. Since this was an expense incurred at the selling end of the line, and therefore one which the defendants obligated themselves to pay, we agree with the commissioner and the chancellor that plaintiff is entitled to recover one-half of that sum, or the sum of $700.00.

We also conclude that plaintiff was entitled to recover the item of $49.50, being one-half of the commission on the sale of certain cattle at other points than Cleveland. Defendants insist that they should not pay this commission because their agreement was merely not to charge any commission at Cleveland, while these cattle were sold elsewhere. While it may be true that the contract did not provide in terms that the commissions should be paid by defendants on the cattle sold away from Cleveland, we conclude that it was within the spirit of the contract that they should bear this expense. The shipments were made to Pittsburg and Jersey City at defendant's request. It was certainly not intended that they should reap a profit at the expense of plaintiff, which

they would do on this transaction and could have done on all the transactions had they directed the cattle to be shipped to other points than Cleveland.

With respect to the claim of $505.12 for pasturage, the facts are as follows: The partnership had accumulated a large number of cattle, which, because of the bad market conditions and of the condition of the cattle themselves, it was not advisable to sell at that time. Defendants contend that the purchase of such a large number of unfit cattle was due to plaintiff's fault, and he stated to defendants' agent that he would not make any charge for pasturage. Plaintiff denies this fact and says that a large number of the cattle were purchased by defendants' agent. A portion of these cattle were turned over to other farmers who were paid for their pasturage. The remainder were kept by plaintiff. While it is true that plaintiff was to bear the ordinary expense of buying, herding and driving the cattle to the shipping point, including their feed and bedding in the meantime, it was not contemplated by the contract that he should bear this expense when the cattle were not shipped to the market within a reasonable time, but had to be placed on pasture in order to fit them for market. In other words, a condition arose that was not contemplated by the contract, and plaintiff's position with respect to the cattle placed in his charge was the same as that of the farmers who pastured other portions of the same bunch of cattle. The partnership having paid for pasturing the other cattle, and having received the benefit of the pasturage furnished by plaintiff for the remainder of the cattle, a contract to pay therefor will be implied, in the absence of an agreement to the contrary, which the evidence fails to show. There being no dispute as to the value of the pasturage, it follows that plaintiff's claim therefor was properly allowed.

It appears that certain hogs were purchased from a man by the name of Preece and $300.00 paid therefor. Afterwards, Preece, in consideration of his release from the contract to furnish the hogs, paid to defendants the sum of $325.00. Plaintiff says that no portion of this sum was ever paid him. Defendants' agent claims that in some way not explained it was paid. The defendants' books do not show that it was paid. With the testimony in this form, the commissioner and the chancellor did not err in holding that the plea of payment was not

sustained, and the judgment in favor of plaintiff for $162.50, or one-half of the sum refunded by Preece, was therefore proper.

With respect to the Kiser, Ellis and Lambert cattle, upon which, it is claimed by the plaintiff, there was a profit, it is sufficient to say that a check for $1,220.00 given by the purchaser of these cattle was not paid but has been placed in the hands of a lawyer for collection. Unless this check is paid, there is no profit in the transactions, and it was error to render judgment in favor of the plaintiff for $138.41, one-half of the alleged profit. This decision, however, is without prejudice to future action by plaintiff in case the check for $1,220.00 or a sufficient portion thereof, is hereafter collected to show a profit on these transactions.

We think the letter from defendants' agent is sufficient to show that plaintiff was interested in the Queen cattle. However, the profit on this transaction was only $51.25, and it was error to give judgment for the full amount instead of one-half.

It is admitted that plaintiff received his one-half of the profit on the T. R. McGlothin cattle. That being true, no judgment in his favor for $52.47 should have been rendered.

With respect to the Hill & Garver transaction our conclusion is as follows: The weight of the evidence is to the effect that Richards, defendants' agent, was sent to Ohio with authority to make settlement with Hill & Garver. When Richards arrived, Hill & Garver were claiming one-half of the profits. He finally settled with them by giving them one-third of the profits. There remained for both plaintiff and defendants only two-thirds of the profits. In other words, two-thirds of the entire profit on the whole transaction was all the profit so far as plaintiff and defendants were concerned. Hence, when plaintiff received one-half of this profit, he got all he was entitled to under the contract. It was therefore error to give plaintiff judgment for the sum of $434.21 and the further sum of $59.64.

On the cross appeal it is insisted that the court erred in not adjudging the plaintiff one-half of $796.72, interest charged against the partnership in 1913 and 1914. It appears that during those years certain cattle were sold to certain farmers at a certain price under an agreement by the partnership to purchase them later on at an in-

creased price. In payment for the cattle the farmers executed their notes bearing interest. It is the contention of the plaintiff that this interest was not only collected from the farmers, but was subsequently charged against the partnership, thereby enabling them to collect the interest twice. We find, however, that plaintiff merely sued to recover half of the interest paid by the farmers on the ground that it was a partnership profit in which he was entitled to share. No issue was made in the pleadings that a portion of this interest, amounting to $796.72, was improperly charged against the partnership, and that plaintiff was entitled to recover one-half thereof. Since plaintiff did not sue for a settlement of the partnership, but elected to sue for sums due in certain specific transactions, his recovery should be confined to those transactions and should not embrace items not specifically pleaded. For this reason it was not error to refuse plaintiff judgment for one-half of the sum of $796.72.

Judgment affirmed on the cross appeal and reversed on the original appeal with directions to enter judgment in conformity with this opinion.