## BIGNELL *v.* FRANKS.

1. VENDOR AND PURCHASER — LAND CONTRACTS — BREACH — FORE-CLOSURE—PAROL EVIDENCE—PRIOR CONTRACT.

   In proceedings to foreclose a land contract, parol evidence of a written contract, signed by the parties, pursuant to the terms of which the land contract in question was entered into, but which had been lost, *held,* admissible, since its effect was not to modify or change the provisions of the land contract.

2. SAME—EVIDENCE—SUFFICIENCY.

   Evidence, *held,* sufficient to justify the finding of the trial

court that such prior contract was entered into, and that its contents were as claimed by defendant.

3. SAME—AMOUNT DUE—ACCOUNTING.

Where the amount owing by defendant was in dispute, both parties appealing from the decree of the court below, and under the proofs submitted an accurate accounting cannot be had, the record will be remanded to the court below for the taking of an accounting, to be followed by decree in accordance therewith and with the provisions of this opinion.

Appeal from Ottawa; Cross (Orien S.), J.  Submitted October 8, 1920.  (Docket No. 64.)  Decided December 21, 1920.  Rehearing denied February 3, 1921.

Bill by James Bignell against James A. Franks and another for the foreclosure of a land contract. From the decree rendered, all parties appeal. Reversed and remanded.

*Charles E. Soule* and *Charles E. Misner*, for plaintiff.

*Lillie, Lillie & Lillie*, for defendant Franks.

SHARPE, J.  The bill of complaint prays foreclosure of a land contract executed by plaintiff to defendant Franks, dated April 10, 1907, for the sale of certain land in the city of Grand Haven for the sum of $2,800. Payments were to be made as follows:

"$100 per year for three years, and, if he puts up an additional hot house on the land costing not less than $250, it shall include the first year's payment of $100, and after three years the payments shall be not less than $250 per year, with six per cent. interest to be paid semi-annually on $2,500 from this date, and on the $300 balance to be paid within three years, there is to be no interest, if paid when due, otherwise six per cent. interest from this date."

The bill further alleged that Franks had contracted to sell a part of said land to Martin Van Doorn, Jr.,

who is also made a defendant. Plaintiff claims default in payment, and asks for an accounting as to the amount due and an order for sale if the same be not paid by the defendants.

The defendants answered, admitting the facts above stated except as to the default. They set up facts by way of cross-bill, which on the hearing they were allowed to amend. The claim of the defendant Franks, supported by his own testimony, may be thus summarized: He had purchased the premises described in the contract and other lands under a land contract from a Mrs. Coburn. Being unable to meet his payments, there being $6,473.63 then due, he had certain negotiations with the plaintiff which resulted in plaintiff's advancing this money; that his vendor conveyed to him and he and his wife by warranty deed to plaintiff; that prior to the execution of such deed there was an agreement between him and plaintiff, afterwards reduced to writing by plaintiff, whereby plaintiff agreed that he would take a certain part of the land on which stood a residence at an agreed price of $2,500, that Franks should take a part on which stood a greenhouse for $2,800, and that the remainder should be sold by the parties and any balance, after satisfying the claim of plaintiff for the money advanced by him and interest thereon and expenses and a 10 per cent. commission, should be credited to Franks on the purchase price of his property; that this agreement, after being signed, was taken by plaintiff to have it typewritten, and defendant never saw it again.

The rights of the parties depend upon whether such a written agreement was made. The evidence tends to show that it was written by plaintiff on the same day the land contract was prepared by his attorney, and that such contract was executed by him pursuant to this agreement.

It is plaintiff's claim that all evidence submitted to establish this agreement was inadmissible as tending to vary the land contract executed by plaintiff to defendant. With this contention we cannot agree. The effect of the evidence received was not to modify or change the provisions of the land contract. The purpose was to show that another written contract was entered into between plaintiff and Franks, and that the land contract was executed pursuant thereto. Evidence to establish such a contract was clearly admissible after its loss had been accounted for. The trial judge found that there was such an agreement, and after a careful reading of the record we are impressed that such finding was justified by the proofs. The plaintiff admits that a writing in pencil was prepared by him. He testified, in answer to questions by his own counsel:

"*Q.* You heard Mr. Franks' testimony in regard to a contract that you and he had made before the contract was made in this suit?

"*A.* Yes, sir.

"*Q.* Was such a contract made, any such contract, was a contract made?

"*A.* There was.

"*Q.* Did you make any other contract than that and the contract in this suit?

"*A.* No, sir.

"*Q.* What was done with that contract and when did you see it last?

"*A.* I think the last time I saw it was on your desk. * * * So just before we made this one contract between I and Mr. Franks, I think then I wrote the contract off, and I don't know but what I took the two of them."

Plaintiff's attorney, who prepared the land contract, testified:

"I think Mr. Bignell had a contract that he had in pencil that he had made and I am not clear whether it was signed by both of them; that I put on my desk and

from that I drew the contract being foreclosed in this suit."

He denied, however, that its contents were as claimed by Franks. During the examination of defendant Franks a demand was made on plaintiff, and also on his attorney, to produce this writing. Plaintiff answered, "I have never seen one," and his attorney said, "I have never seen it or heard of it before." We believe the testimony sufficiently accounted for its loss to permit parol evidence to be received as to its contents. Had this writing been produced and its contents shown to be as claimed by Franks, we are of the opinion that it would have been admissible, and, if so, evidence tending to establish it was properly received.

In support of the claim of Mr. Franks that the provisions of the pencil writing were as testified to by him, he produced the following letter, written to him by plaintiff:

"Grand Haven, Mich.,
"March 16, 1907.
"Mr. FRANKS,
    "City.
"*Dear Sir:*
    "I will stop Monday morning.
    "If I buy the whole thing, what would be the most you could afford to take the hot houses and twelve lots for or would you be willing to rent for one or two years and about what can you afford to pay? Would you be willing to allow me 10 per cent. net on all money invested? You take the greenhouses and ten and one-fourth lots at $3,000. I will take the house and 6 lots at $2,000. You have all the net profit that is made to apply on contract.
                    "Resp.,
                    "JAMES BIGNELL."

The deed from Franks to plaintiff was dated March 9, 1907, and recorded on April 6, 1907. The date of its acknowledgment does not appear in the record.

Plaintiff admits that "Mr. Franks did get purchasers for some of the lots." It also appears that on or about April 10, 1910, plaintiff, at Franks' request, furnished him with a statement in which he charged himself with the $2,700 Franks was to pay for his land and the $2,500 he was to allow for the residence and lots he kept and the sums received from the sale of lots to other persons. He credited himself with the moneys paid on the purchase, $6,473.63, interest thereon, taxes paid, expenses of various kinds, and a commission of $1,000. The balance struck thereon showed $249 then due him. Without further reviewing the evidence, we believe it fully justified the finding of the trial judge that such an agreement in writing was written in pencil by plaintiff and signed by the parties, and that its contents were as claimed by Franks. We have not overlooked the claim of the plaintiff that "written contracts cannot be set aside by parol," nor the many cases cited by his counsel in support thereof. We again emphasize the fact that the contract which defendant Franks sought to establish, and, as the trial court found and we find, did establish by parol evidence, did not vary or modify the land contract. It expressed the agreement of the parties, pursuant to which the land contract was executed.

The trial judge found that there was $100 due on the land contract and ordered payment thereof by defendants within 30 days. Both parties appeal. The defendants claim that the proofs show that plaintiff has been overpaid and that defendant Franks should have a decree against plaintiff for the amount of such overpayment. Plaintiff's attorneys say there is no way in which the amount found due can be arrived at under the proofs submitted. Counsel for the defendants should have submitted to the court a computation of the amount due as claimed by them. This, ap-

212—Mich.—16.

parently, was not done. We have examined the evidence with much care and feel constrained to remand the record to the trial court in order that a more complete accounting may be had and a balance struck in such a way that it may be reviewed in this court if necessary. To that end additional proofs may be submitted by either party. The plaintiff should be credited with the purchase price paid by him and interest thereon, the expenses necessarily incurred in the care and sale of the property, and a 10 per cent. commission on the sums received therefor, excluding that received from Franks, and the value of the lots retained by him. He should not be restricted to the items of his statement of April 10, 1910, if in the opinion of the trial court other sums should be included therein. The credit for sidewalk, if it be that provided for in the land contract, should be disallowed. He should be charged with the $2,500 agreed on as the value of the residence and lots retained by him and all sums received on the sale of lots other than those contracted to Franks. He should also be charged with the payments made by Franks on his contract, the purchase price to be $2,700. Interest on all sums disbursed and received by him should be computed and allowed.

The decree entered will be vacated and the record remanded for the taking of such an accounting, to be followed by a decree of the trial court in accordance with this opinion and his finding thereon. The costs on this appeal will abide the result of such accounting. Should it result as favorable to defendant as the decree made, he will recover costs; should the amount due plaintiff be increased, the costs of this appeal will be taxed in his favor.

STEERE, BROOKE, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.

MOORE, C. J., took no part in this decision.