## NICHOLS *v.* MUMFORD.

1. PARTNERSHIP—INJUNCTION—ACCOUNTING—EQUITY.

   In a suit by one partner, who was liable on a note for the purchase price of partnership cattle, to restrain the other partner, who was financially irresponsible, from disposing of partnership assets and for an accounting, where it appears that defendant informed plaintiff that he was going to ship the cattle to Buffalo, but declined to state to whom shipment would be made, and afterwards shipped them to Chicago, *held*, that, under the circumstances, plaintiff was justified in bringing suit.

2. SAME—PARTNERSHIP AT WILL—FINDING OF COURT—EVIDENCE —SUFFICIENCY.

   The finding of the trial judge that no definite period for the partnership to run was ever agreed upon, and that it was a partnership at will, *held*, supported by the record.

3. SAME—DISSOLUTION.

   A partnership at will may be dissolved at any time by action of either party.

4. SAME—ACCOUNTING—DECREE—MODIFICATION.

   The decree of the court below determining the partnership assets is modified in this court to include 8 calves on the farm at the time suit was brought, disallowing defendant's expenses in moving to the farm, allowing him a reward and expenses paid incident to the recovery of a bull which had strayed away, and also allowing him the amount paid for sundry articles used in the firm business.

5. SAME—CROSS-BILL—SCOPE OF PARTNERSHIP.

   In a suit for partnership accounting, defendant could not recover on his cross-bill for any personal work or labor done for the plaintiff not within the scope of the partnership.

Appeal from Kent; Brown (William B.), J. Submitted January 12, 1921. (Docket No. 114.) Decided March 30, 1921.

Bill by Fred I. Nichols against Ward B. Mumford to enjoin the disposal of partnership assets, and for an accounting. From a decree for plaintiff, defendant appeals. Modified, and affirmed.

*Travis, Merrick, Warner & Johnson,* for plaintiff.

*James C. Wood,* for defendant.

SHARPE, J. The plaintiff, a resident of Grand Rapids, owned or controlled a considerable tract of land near Hunt Spur in Mackinac county, some of which was under cultivation. In the fall of 1918 an arrangement, partaking of the nature of a copartnership, was entered into between him and defendant, under which defendant moved to the farm. The bill of complaint alleges that plaintiff and defendant were the joint owners of 29 head of cattle on said farm, worth about $3,000, which had been purchased for the purpose of pasturing, feeding and disposal at a contemplated profit, and also two ponies with saddles and equipment used in looking after said stock; that defendant furnished about $600 of the purchase price of the cattle and plaintiff's credit had been pledged for the balance thereof. It further alleges that plaintiff was apprehensive that defendant would dispose of said cattle without plaintiff's knowledge and refuse to account to him therefor. An injunction was prayed for and an accounting asked for. Defendant, answering, admitted the purchase of the cattle and his sale of them, but denied that he was making such sale without the knowledge of plaintiff; alleged that the lack of sufficient pasturage, owing to the drought and forest fires, necessitated such sale, and that it was his intention to deposit the proceeds thereof in the bank from which plaintiff's loan to pay for the cattle had been negotiated. By way of cross-bill he asked that plaintiff be required to execute the articles of copartnership

agreed upon and specifically perform the same and on failure to so decree that a full accounting should be had and the damages sustained by defendant determined and allowed.

The proofs were taken in open court. The decree dissolved the copartnership. It determined the assets, and ordered an equal division of same. It further provided that, if the parties could not agree upon a division, a sale be had under a receiver to be appointed by the court and the proceeds, after deducting the expenses, be equally divided. It denied defendant's claim for damages and dismissed his cross-bill. Costs were allowed to plaintiff. The defendant appealed.

1. It was evidently the purpose and desire of both parties that a copartnership should be entered into for dealing in livestock and grazing and feeding them for market. It is apparent they felt assured they were engaging in a venture which would be very profitable to both, but found risks and expenses incident thereto of which they had no contemplation. We think the proofs show that, owing to the dry weather and forest fires having destroyed the pasturage, it became necessary to dispose of the cattle. It does not appear that there was any agreement as to which of the parties should make sales or receive the proceeds. The plaintiff was liable for $2,200 on the note for the purchase price, signed by him for the firm. It seems to be conceded that the defendant was not financially responsible. In the conversation over the telephone, had between them concerning the shipment, defendant informed plaintiff that he was going to ship them to Buffalo but declined to state to whom shipment would be made. He afterwards shipped them to a commission firm in Chicago. Under the circumstances, we think plaintiff was justified in bringing this suit.

There had been much negotiation between the

parties as to the terms of the copartnership. A written memorandum was prepared by plaintiff and submitted to defendant, who claims he suggested some changes therein. While the writing contains 13 distinct paragraphs and in the last of them provides for the termination of the partnership at any time by mutual consent or by either party giving six months' notice to the other, it is significant that the period of its duration is nowhere stated therein. It is plaintiff's claim that it was to run indefinitely, while defendant and his wife testified that a 10-year period was agreed upon. The trial court saw and heard the witnesses, and we are loath to disturb the conclusion reached by him that no definite period was ever agreed upon. The partnership therefore existed at will and might be dissolved at any time by action of either party. *Walker* v. *Whipple,* 58 Mich. 476.

2. But little attention is given to the matter of accounting in the briefs of counsel. We are reluctant to remand the case for further proofs and findings as to the items in dispute, as was done in *Bignell* v. *Franks,* 212 Mich. 236. We have given careful consideration to the claims of the defendant and the testimony in support of them and have arrived at the following conclusions:

*a.* The copartnership property, besides that mentioned in the decree, should include 8 calves on the farm at the time suit was brought.

*b.* The defendant is not entitled to charge the expense incident to his moving to the farm to the copartnership nor any damages occasioned by its dissolution. Neither can he in this proceeding recover for any personal work or labor done for the plaintiff, not within the scope of the partnership.

*c.* Defendant paid out $36.75 for a reward and expenses incident to the recovery of a bull which had strayed away. This should be treated as a firm obli-

gation, as should also the sum of $16.90 paid out by him personally for sundry articles used in the firm business.

*d.* The expenses of defendant's trip to Tawas was offset by those of plaintiff, it appearing that each party paid his own expenses.

Other items are claimed by defendant, but we do not think the proofs sufficiently clear to justify their allowance.

The decree will be modified to conform to the conclusions stated, and, as thus modified, affirmed. The defendant will recover his costs of this court.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.