**BRADFORD v. BRADFORD.**

No. 5556.

Court of Civil Appeals of Texas. Amarillo.

June 7, 1943.

Bean, Evans & Croslin and Nelson & Brown, all of Lubbock, for appellant.

Vickers & Campbell and Crenshaw, Dupree & Milam, all of Lubbock, for appellee.

STOKES, Justice.

This is a suit for a partnership accounting between appellant and appellee. The record shows they formed a dairying partnership about January 1, 1939, each contributing to the livestock equipment about 65 head of dairy cattle. They operated the dairy as a partnership about a year when it was dissolved and this suit was filed in September, 1941 by the appellant, S. H. Bradford, to recover of the appellee, H. L. Bradford, approximately $4,000 which he alleged was due him as his share of the partnership properties and accounts on hand when the partnership was dissolved. He alleged that all of such property and accounts were in possession of appellee and prayed for an auditor to be appointed and for judgment for the value of his portion of the property and accounts on hand.

Appellee answered by the general issue and alleged he had furnished to the partnership certain feed for the dairy cows for which he had not been reimbursed by the partnership and alleged that appellant was indebted to him in the sum of approximately $4,000.

An auditor was appointed as prayed for by appellant and his report was duly filed and constituted a portion of the evidence introduced at the trial. The case was submitted to the court without the intervention of a jury and resulted in a judgment in favor of appellee against appellant for the sum of $330.71, the expense of employing the auditor being taxed equally against the

parties, and the balance of the costs being taxed against appellant.

Appellant contends the court erred, first, in charging him with $1,511.86, being one-half of the alleged value of certain feed furnished to the partnership by appellee; secondly, in charging to appellant $350, being one-half of the value of certain ensilage furnished to the partnership by appellee; and thirdly, in failing to take into account and credit appellant with $191.09, being one-half of the value of an ensilage cutter purchased by the partnership and appropriated by appellee.

The record shows that about January 1, 1939, when the partnership was created, appellee had on hand a large amount of feedstuffs consisting of sorghum cane, hegari and grain, some of it being in the form of bundled feed, consisting of seven stacks located in his stack-lot, and a large amount located on the farms of his neighbors. The portion of it which was located on the farms of his neighbors had been acquired by him in cutting, bundling and harvesting similar feed for them upon a custom basis, receiving for his labors certain portions of the harvested crops. Some of this feed had been removed to his stacklot before the partnership was formed and other portions were hauled in and placed in the stacklot after the formation of the partnership. It is undisputed that all of it, including the bundled feed and some grain such as maize and hegari, was fed to the dairy cattle during the existence of the partnership and that appellee had not been paid for any portion of it. Appellant contends that, in the absence of an agreement on his part to account to appellee for the value of one-half of such feed, no legal obligation rested upon him to account for it and that, therefore, the court erred in entering judgment against him. In support of this proposition appellant cites authorities which hold generally that the duties and obligations of partners are regulated by contract and that, while it is not necessary that there be an expressed contract, either written or oral, yet, where a partnership is created, there must be an agreement and a meeting of the minds of the partners. He asserts in this connection that, in the absence of any agreement to repay a partner for advances of capital, no recovery may be had against the partner sought to be charged therewith and the law will not imply a promise by a copartner to repay advance-

ments of capital during the continuance or at the dissolution of the partnership. As an abstract principle of law, appellant is correct in these assertions, but it does not apply to this case. The record shows that each of the partners had been in the dairy business for several years, appellant located in Johnson County and appellee in Lubbock County. The partnership was formed by combining their dairy cattle and appellant removed to Lubbock County. After the formation of the partnership a number of items of machinery and tools were purchased which composed the equipment that was necessary in the operation of such an enterprize. The dairy cattle owned by the parties and the necessary equipment purchased by them composed the capital of the partnership and if the items in dispute had relation to any of the capital furnished by either of the parties, the principle of law asserted by appellant would be applicable. The feedstuff, headed grain, bundles and stacks of roughage which appellee had on hand when the partnership was formed, however, constituted no part of the capital of the enterprize. It was essentially feeding material that was needed and used by the partnership in the operation of its dairying business. If the partnership had not been supplied with the feedstuff which appellee had on hand when it was organized, manifestly, it would have been necessary to purchase it in the market or acquire it from some other source. The mere fact that appellee had it on hand when the partnership was formed is a matter of no consequence. It was furnished to the partnership by him and used by the partners in the operation of the partnership business and was, therefore, a proper charge against the partnership. Simpson v. Fulcher, Tex.Civ.App., 45 S.W.2d 1012; Siler v. Barber, Tex.Civ. App., 29 S.W.2d 829; Bower & Bower v. Collinsworth, 187 Ky. 1, 218 S.W. 455; Nichols v. Mumford, 213 Mich. 201 181 N.W. 1022.

In saying what we have in reference to feedstuff, we were conceding, for the sake of the discussion, that appellant is correct in his contention that the testimony did not show there was an agreement between him and the appellee that the feedstuff mentioned should be paid for by the partnership. The testimony shows, however, that appellant is not correct in this assertion. Appellee testified that the matter of this feedstuff was discussed between

him and appellant and it was understood between them it would be paid for. On cross-examination he said that no understanding was ever had about paying for the feed and that he thought the matters concerning the feed furnished by him could be adjusted at some later date. His testimony shows clearly that, in stating that no understanding was ever had about paying for the feed, he was referring to the value or price to be paid to him for it and not to the question of whether or not the partnership would utilize it and pay him something for it. The law implies an agreement of the partnership to pay the reasonable value of necessary operating material furnished to it under the circumstances shown here and an express agreement to that effect is not necessary. In addition to the implication, the testimony of appellee just mentioned established an express agreement that he would ultimately receive pay for the feedstuff furnished by him and that its value would be determined at a later date.

█ Appellant further contends under these assignments of error that the court erred in his finding of the value of the feedstuff here in question and that the highest market value placed on it by the testimony was $859. It is true that appellant belittled the value of the feedstuff but appellee testified very clearly as to its value in tons and by the acre of ground from which it was harvested and his values aggregated $3,998.66. The court did not accept the valuation placed on it by either of the parties but evidently found its total value to be $3,023.72 and charged appellant with one-half of that amount. In view of the conflicting testimony in regard to its value the court was warranted in accepting this as a just and fair value in adjusting the contention between the parties. We find no error revealed by these assignments and they will be overruled.

█ By his second contention appellant asserts that the court erred in charging him with the sum of $350, being half of the value of certain ensilage which appellee had on hand when the partnership was organized and which admittedly was fed to the dairy cows, because that item was included in the $1,511.86 charged against him for the bundled, stacked and grain feed mentioned above. We find no merit in this contention. The ensilage was treated as a separate item throughout by both of the parties in their pleadings and also in their testimony. The court treated it as a separate item in the judgment and appellee's own testimony shows that it was not included in the item of bundled and other feed because he testified that he and appellee agreed that the value of the ensilage in the silo was $600. Appellee also testified they had an agreement about the ensilage, but said they agreed its value was $700. Manifestly, this agreement separated it from the other feedstuffs, because both appellant and appellee testified that no agreement was made between them as to the value of the other feedstuff.

█ The third contention urged by appellant is that the court erred in failing to take into account and credit him with $191.09, being one-half of the value of an ensilage cutter which originally cost the partnership $382.18. The auditor's report included a schedule designated as "equipment account" and in it he listed the ensilage cutter at its original cost. The testimony all referred to this schedule as "equipment". In entering final judgment the court found that this equipment was in the possession of appellee and decreed to him the title to all of it. He gave credit to appellant, however, for $436.38, being one-half of the total value of the milking equipment, evidently finding that its aggregate value was $872.76. The auditor's report showed that the original cost of the articles composing the equipment was $1,288.75. The auditor testified that the original values had been reduced by their use and the court, under the testimony, found the value to be as indicated. His finding is amply supported by the testimony and we find no merit in appellant's contention relative to this item.

We have carefully examined all of the assignments of error and contentions presented by appellant and, in our opinion, no error is revealed by any of them. The judgment of the court below will, therefore, be affirmed.

PITTS, C. J., not sitting.