Wheeler, J.
It is very questionable whether tlie evidence was sufficient to establish the existence of a partnership between tlie plaintiff and Power. Jt *98 is true that the criterion by which to determine in general whether persons are partners or not, is to ascertain whether there is a communion oí proiit and loss between them. And it is said if one person advances funds, and another furnishes his personal services or skill in carryiug on the business and is to> share in the profits, it amounts to a partnership. It would be a valid partnership, nof withstanding tlie whole capital was in the first instance advanced by one partner, if tlie other contributed his timo and skill to the business, and although his proportion of gain and loss was to be very unequal. It is sufficient (hat his interest in tlie profits be not intended as a mere substitute for a commission, or in lien of brokerage, and that he bo received into tlie association as a merchant and not an agent. (3 Kent'Com., sec. 43.) But to constitute a partnership, there must he a community of profits, or a specific interest in the XDrofits as profits, in contradistinction to a stipulated portion of the profits as a compensation for services; and this in this class of cases is a test of partnership. (Ib. in notes; Story on Partnership, p. 51.) There is, consequently, a distinction between a stipulation for a compensation for labor proportioned to the profits, without any specific lien upon such profits, and which docs not make a person a partner, and a stipulation for an interest in such profits which entitles the party to an account as a partner. (18 Wend., 184,185; 20 Id., 70; 17 Vesey, 404, cited in note to 3 Kent, 25, 7th edition.) The evidence relied on to establish the alleged partnership was derived from the statements of tlie plaintiff, and he stated that Power was not his partner; and this statement accords with tlie legal conclusion deduciblo from his further statement that tlie proportion of profits which Power was to receive was a compensation for his services as clerk. Such a participation in the profits would not constitute him a partner.
But if the fact of a partnership were established, it is clear that the contract between tlie defendant and Power would not he binding upon the plaintiff. Generally, the act of each partner in transactions relating to the partnership is considered the act of all, and binds all. But one partner cannot rightfully apply tlie partnership effects to liis own personal account, or in discharge of his own individual debt. Accordingly it is held, that if partnership security he taken from one partner, without the knowledge and consent of the others, for a debt which the creditor knew at tlie time was tlie private debt of the particular partner, it would not be binding upon the partnership. (1 East. B., 48; 8 Vesey, 540.) So if, from tlie subject-matter -of tlie contract or the course of dealing of the partnership, tlie creditor was chargeable with constructive notice of that fact, tlie partnership is not liable. (2 Starkie’s N. P., 347.) Where a person deals with one of the partners in a matter not within the scope of the partnership, the intendment of law will be that he deals with him on his own private account, and when a person takes a partnership engagement without tlie conscut or authority of the firm for a matter which has no reference to the business of tlie firm, and is not within the scope of its authority or its regular course of dealing, the transaction will not be obligatory upon the firm. '’One partner cannot appropriate tlie partnership funds in discharge of his own individual debt or liability, although the creditor had no knowledge at the time that the fund was partnership property. The principle, says Story, to ho extracted from the authorities is, that one partner cannot apply the partnership funds or securities to tlie discharge of his own private debt without tiie consent of the other members of the firm, and that, without tlieir consent, their title is not divested in favor of such separate creditor, whether he knew it to lie partnership property or not. His right depends, not upon his knowledge that it was partnership property, but upon tiie fact whether the other partners had assented to it or not. (Story on Tartnersliip, p. 212, n.)
It is olear that the effect of the judgment was to apply the partnership funds, if in fact a partnership existed, in satisfaction of the private debt of one of tlie partners. There is no pretense of any consent on tlie part of the plaintiff to such an application. It is in evidence, moreover, that the defendant knew that *99 his contract with Power was not in accordance with the usual course of dealing of the iirm, which was to sell for cash; and for this reason also the contract was not obligatory upon the firm. Whether a partnership existed or not, the contract between the defendant aud Power was not binding upon the plaintiff, aud he was in no way liable for the defendant’s account for medical services rendered Power. The judgment, consequently, is erroneous, and must be reversed, and the cause remanded for further proceedings.
Reversed and remanded.