Bell, J.
—The main question presented is, whether or not Thompson, one of the partners composing the firm of Young & Thompson, was a competent witness for the defendant, Read, to prove the consent of Young, the other partner, to the settlement made between Thompson and Read. The general rule undoubtedly is, that one partner cannot apply the' partnership funds or securities to the payment of his own private debt. But he may do so with the consent of the other members of the firm. (Goode v. McCartney, 10 Tex. 193.)
In this case, the defendant, Read, undertook to show, in support of the settlement between Thompson and himself, that Young had authorized Thompson to make the settlement. We are of opinion that Thompson was a competent witness to prove the fact of Young’s consent to the settlement with Read, inasmuch as he was called by the defendant, Read, and his interest in the result of the suit was balanced. If Read sustained his defence to the suit, then Thompson was indebted to the firm of Young & Thompson in the sum of $469 50, the amount of the partnership funds which he had used in the settlement with Read. If the firm of Young & Thompson recovered judgment against Read, then Thompson would he indebted to Read in the sum of $469 50.
The statute of February 5, 1858, (O. &. W. Dig., Art. 481,) authorizes either party to a suit to examine the opposing party as a witness. We think this statute cannot fairly be construed so as to make it applicable to a case like the present, where the partner, who is called by the adverse party to testify, is not incompetent on *118 the ground of interest. We hav'e held, that a party to the record, whose interest is not balanced, cannot be called to testify, under the provision of the statute quoted above. (Gill v. Campbell, 24 Tex.)
We do not. think that the court below erred in overruling the motion for a new trial, on the ground that the verdict was contrary to the evidence. There was a conflict in the testimony, upon the question of Young’s consent to the settlement between Thompson and Read; and the verdict of the jury was not without sufficient evidence to sustain it.
Young might have.made Thompson a defendant on the' record,' and thus have escaped the effect of his testimony; but, in the attitude which the case' presents, we are of opinion that the judgment must be affirmed; and it is ordered accordingly.
Judgment aeeibmed.