### HILL v. CURTIS et al.

(Supreme Court, Appellate Division, Second Department. January 10, 1913.)

JOINT ADVENTURES (§ 1*)—CONTRACTS.

> Under the contract of plaintiff and defendant, reciting the retaining of defendant to prosecute claims on a contingent basis, and the desire of both parties to together undertake their prosecution, and providing that defendant should act as attorney of record, and plaintiff should act as counsel whenever required to do so, and that each should give as much

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

time thereto as necessary, that each should pay half the expenses, and the profits should be equally divided between them, and that, if either should die before termination of the litigation, the other should carry it on to its conclusion, and the representatives of deceased should be entitled to share equally with the survivor in the ultimate profits, the parties were joint venturers, instead of plaintiff being a mere employé of defendant.

[Ed. Note.—For other cases, see Joint Adventures, Cent. Dig. § 1; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 4, p. 3814.]

Hirschberg, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Charles E. Hill against George M. Curtis and another. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

Joseph W. Middlebrook, of New York City, for appellant.

Almet Reed Latson, of New York City (Ward W. Pickard, of New York City, on the brief), for respondent Curtis.

Marshal Stearns, of New York City, for respondent National Nassau Bank.

BURR, J.    This action is brought for an accounting of the proceeds received by defendant Curtis by way of counsel fees and compensation in a series of suits brought against the city of New York in behalf of the "Matrons" of certain penal and reformatory institutions in said city. A written agreement was entered into on September 30, 1908, the material parts of which are as follows:

"Whereas the said Curtis now has in his office for prosecution certain claims by certain parties known as 'Matrons' in certain penal and reformatory institutions of the city of New York, which claims are for increased compensation, gradation and classification, and

"Whereas it is desired by both of the parties hereto that they shall together undertake the prosecution of said claims, and

"Whereas the said claims are upon a contingent basis, therefore, it is mutually agreed that the said Curtis will act as attorney of record in all of the proceedings, and the said Hill will act as counsel whenever required so to do, which may be taken to recover the said claims, and that each party hereto will give as much of his time to the prosecution of said claims, as may be necessary and it is further agreed that each party hereto will pay one-half of the expenses that may be incurred in the prosecution of the said claims, and that the profit, fee, compensation or other emolument which shall or may be received from the prosecution of said claims, shall be equally divided by and between the said parties hereto.

"If either party shall die before the termination of the litigation, if any, or the negotiations, and before the receipt of the fee, profit or emolument, the surviving party will undertake to carry on the prosecution or negotiations to its conclusions, and the heirs of the one who may die shall be entitled to the same compensation as the deceased would be entitled to if alive."

There was some evidence of a prior oral agreement; but, as plaintiff asserts and defendant concedes that the oral and the written agreement are the "same in practical effect and legal intendment,"

we may consider the rights of the parties as defined by the latter. By way of defense defendant contends that the cause of action was not cognizable in equity, that there was a failure of performance by plaintiff, and that the agreement was subsequently abrogated. Although considerable testimony was taken bearing upon the latter issues, the learned court at Special Term declined to determine these, and rendered judgment for defendant and dismissed the complaint upon the merits, on the ground that the parties were not "joint venturers," but that plaintiff was an employé of defendant, and that his remedy, if any, was by an action at law and not by a suit in equity. Upon the correctness of this determination this judgment must stand or fall.

While participation in profits is an important factor in determining whether an agreement constitutes the parties thereto joint venturers, this of itself does not afford an infallible test. Rather where a share in profits is contracted to be paid, the question seems to be: Is it as a measure of compensation to employés for services rendered in the business, or for the use of moneys loaned in aid of the enterprise, or does the agreement extend beyond this and provide for a proprietary interest in the subject-matter out of which the profits arise, and an ownership in the profits themselves as compensation for money advanced or time and services bestowed as a principal in the prosecution of the enterprise? Hackett v. Stanley, 115 N. Y. 625, 22 N. E. 745; Boice v. Jones, 106 App. Div. 547, 94 N. Y. Supp. 896; Marston v. Gould, 69 N. Y. 220; Weldon v. Brown, 84 App. Div. 482, 82 N. Y. Supp. 1051; s. c. 89 App. Div. 586, 85 N. Y. Supp. 599; Moscowitz v. Sassulsky, 141 App. Div. 763, 126 N. Y. Supp. 513. The contract contains a recital to the effect that it is the desire of both parties "that they shall together undertake the prosecution of said claims." A mere recital in an instrument, however, particularly if it is an incorrect recital, is not conclusive upon the rights of the parties. It also appears from said instrument and from the evidence in the case that the retainers in the various claims to be prosecuted ran to the defendant personally, so that in the first instance he may be said to have been the sole owner of the subject-matter of the agreement. The contract provided that defendant was to act as attorney of record in all of the proceedings which might be taken, and that plaintiff should "act as counsel whenever required so to do." Defendant contends that this is to be construed as meaning that plaintiff should only so act when required by defendant so to do, and that this indicates that the character of the relation between the parties was simply that of employer and employé. It seems to us that it may be urged with at least equal force that the requirement referred to was that arising out of the exigencies of the case rather than the will of the defendant. But if the contract is ambiguous in character, so that parol testimony of contemporaneous facts and conversations was competent to aid in its interpretation, it is sufficient to say that, if plaintiff was not precluded from offering such testimony, he may have refrained from so doing at the suggestion of the learned trial court. He was frequently reminded through the progress of the trial that such testimony was immaterial,

and the court repeatedly stated, contrary to the opinion expressed in the decision of the case, that the agreement did constitute the parties joint venturers, and that the only question involved was that of performance on plaintiff's part. The agreement clearly provided for participation in profits. In effect, it provided also for participation in losses. By its terms each of the parties agreed to pay "one-half of the expenses that may be incurred in the prosecution of the said claims." As the claims were taken upon a contingent basis, the only losses that could result to the parties thereto from a prosecution of the enterprise would arise from the time and labor expended and the disbursement of money made by them in connection therewith. The agreement demanded both. It is not necessary for us now to decide whether this clause of the agreement is illegal in character within the law against champerty, but it is indicative of the purpose which the parties sought to accomplish. We have called attention to the fact that by the terms of said contract each party was required to devote to the enterprise so much of his time as should be necessary. This may be fairly said to represent a portion of the capital employed in the prosecution of the undertaking. The final clause of the agreement seems to us entirely inconsistent with the contention that the contract was one of employment merely. A contract of employment necessarily terminates with the death of the employé. Under this agreement, if plaintiff had died while the agreement was in force and before the final determination of the actions referred to therein, it would have been defendant's duty to continue the proceedings, and plaintiff's personal representatives (referred to in the agreement as his heirs) would have been entitled to share equally with defendant in the ultimate profits thereof. When, therefore, we find as here a joint contribution to the capital of the enterprise, a participation in profits, an equal liability for losses, a continuance of the contract beyond the death of either of the parties thereto by the survivor, and a provision that subsequent services shall be rendered for the joint benefit of the survivor and the representatives of the deceased, it seems to us that every element appears which is necessary to make the venture a joint one. It is difficult to think of anything short of an actual assignment of an interest in the retainers themselves which would have more completely expressed an intention to give to plaintiff an interest in the subject-matter of the enterprise in which he and defendant were engaged, and a proprietary interest in the profits thereof. Defendant contends that the clause providing for a continuance of the proceedings by the survivor would have been ineffective provided defendant, who was the attorney of record, had died, since plaintiff could not, without making new contracts with the parties to such actions, have continued the proceedings. That may be so. But in such case it would have been his duty to attempt to secure such contracts, and, if successful, to proceed for the benefit of defendant's representatives as well as his own. But, if this portion of the agreement might become inoperative in case of defendant's death, it would not if plaintiff had died. If the agreement had been limited in its provisions for continuance to the conditions arising upon the death of plaintiff only, it would have been ef-

fective to give him an interest in the subject-matter of the enterprise. It cannot be less so if it is the fact that, coupled with this, is a provision which may be unenforceable. We think, therefore, that the learned court at Special Term erred, and that the judgment must be reversed and a new trial granted, costs to abide the final award of costs.

JENKS, P. J., and THOMAS and CARR, JJ., concur. HIRSCHBERG, J., dissents.