# APPELLATE DIVISION

OF THE

# SUPREME COURT

OF THE

## STATE OF NEW YORK

HERMAN MEHLHOP, Respondent, *v.* CENTRAL UNION TRUST COMPANY OF NEW YORK, Appellant.

First Department, February 10, 1922.

Mortgages — extension — alleged agreement for extension of time of payment of mortgage invalid — res judicata — judgment in foreclosure action involving identical issue res judicata in action to recover consideration for extension agreement.

The owner of property who had taken it subject to a mortgage, which he did not assume or agree to pay, agreed orally with the mortgagee after the mortgage was due for an extension of the time of payment, and a written agreement was prepared in duplicate and sent to the owner for execution; but the property was meanwhile conveyed and the grantee executed the prepared extension agreement without the knowledge or consent of the mortgagee and sent both copies to him with $3,000 which was furnished by the grantor, the original owner, that amount being the sum provided in the agreement to be paid on the principal in consideration for the extension. The mortgagee insisted that the extension agreement be executed by the grantor, and he failing so to do, the mortgagee never delivered either of the duplicate copies of the agreement to any one, but credited the $3,000 as a payment on the principal and brought an action to foreclose the mortgage in which the question whether there was an extension agreement was squarely raised and decided in the negative. The $3,000 cannot be recovered by said grantee in an action brought later for that purpose, since under the circumstances there was no extension agreement as a matter of law, and further the judgment in the foreclosure action is *res judicata* on the question.

SMITH, J., dissents, with opinion.

APPEAL by the defendant, Central Union Trust Company of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 26th day of March, 1921, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 22d day of March, 1921, setting aside a verdict

in favor of the defendant and directing a verdict in favor of the plaintiff.

*Larkin, Rathbone & Perry* [*Orville C. Sanborn* of counsel; *Donald C. Muhleman* and *Francis C. Nickerson* with him on the brief], for the appellant.

*Eugene Cohn* of counsel, for the respondent.

MERRELL, J.:

This appeal is by the defendant, Central Union Trust Company of New York, from a judgment rendered in plaintiff's favor for $3,656.50 upon a verdict directed by the court at Trial Term in favor of the plaintiff and against said defendant. At the close of the evidence both sides moved for the direction of a verdict, and the court first granted defendant's motion. Upon plaintiff's motion to set aside the verdict thus directed, it was stipulated that, if the court finally decided that it had erred in directing a verdict in defendant's avor, a verdict might be directed in favor of plaintiff with an exception to the defendant. Briefs were submitted to the court, and the court finally changed its original determination and directed a verdict in favor of the plaintiff. From the judgment entered thereon this appeal is taken.

The facts out of which this action grew are as follows: Prior to 1915 one Pauline Haebler, the wife of Theodore Haebler, held a second mortgage upon certain real property at 34 Mt. Morris Park, West, in the borough of The Bronx. The defendant, Central Union Trust Company of New York, held a first mortgage upon said real property upon which there became due January 8, 1915, $30,000 of principal. The holder of the second mortgage brought action to foreclose the same, resulting in Haebler's acquiring title to the said real property, subject to the mortgage thereon for $30,000 held by the defendant, Central Union Trust Company of New York. A bond accompanied said mortgage held by the defendant, upon which the only party liable was the Mountain Construction Company. Haebler, in acquiring title to said real property, did not assume or agree to pay the mortgage of the defendant. In December, 1915, the defendant's mortgage then being past-due, Haebler, upon payment thereof being demanded, applied to the defendant for an extension of its mortgage; and, as testified to by one Wolfe, who was at the time in charge of the real estate department of the defendant, Haebler then agreed, in consideration of a three-year extension of defendant's mortgage, to pay $3,000 on the principal thereof. This arrangement, Wolfe testifies, was satisfactory to the defendant, and Haebler was directed to take the matter up with defendant's counsel for the

preparation of the necessary papers. Thereupon Haebler proceeded to the office of William D. Tucker, counsel for the defendant, who first made a memorandum with reference to a three-year extension agreement to be entered into between the defendant and Haebler upon the latter's payment of the said $3,000 on January 8, 1916, together with attorney's and notary's fees and stamps for effecting such extension. And thereupon defendant's attorney, Tucker, prepared a proposed extension agreement in duplicate, as of the date of January 6, 1916, between the Central Union Trust Company of New York, the defendant herein, of the first part, and said Haebler, as party of the second part; and on December 28, 1915, mailed the same to Haebler with a letter requesting execution of the duplicate copies of the agreement and the return thereof with his checks for $3,000 on account of the principal of defendant's said mortgage, together with $750 for interest due January 8, 1916, and for the sum of $29.50 in payment of attorney's fees for services, as per bill inclosed. On January 4, 1916, Haebler conveyed the property by deed to the plaintiff, Herman Mehlhop. On January 7, 1916, Mr. Eugene Cohn, who, at the time, was acting as attorney for both Haebler and the plaintiff herein, delivered to defendant's said attorney, Tucker, checks for the said payment of $3,000 upon principal of said bond and mortgage, $750, interest to January 8, 1916, and $29.50, attorney's fees, together with the duplicate extensions in which he had substituted the name of the respondent, Mehlhop, in place of Haebler, and which duplicates had been executed by respondent as party of the second part. At the time of leaving these duplicate extensions and checks with defendant's legal representative, Cohn did not divulge that he represented the plaintiff, nor that plaintiff, Mehlhop, had acquired title to the real property and had executed the duplicate extension agreement instead of Haebler executing the same. Plaintiff at that time was unknown to the trust company. It appears that at the time the plaintiff, Mehlhop, was foreman of the garage and delivery system of the Ebling Brewing Company, of which Haebler was an officer, and it further appears that the moneys alleged to have been paid by Cohn in plaintiff's behalf to obtain an extension of said mortgage were furnished by Haebler. The duplicate agreement and checks were left with defendant's legal representative, and the $3,000 check, representing a payment upon the principal of said overdue bond and mortgage, was cashed by the defendant in the regular course and applied to the principal of said mortgage. Some time after the delivery of said checks and of said proposed extension agreements to defendant's counsel, it was discovered that the name of Theodore Haebler had been erased from the proposed

extension agreement and that of the plaintiff herein substituted in place thereof, and that said duplicates were not executed by Haebler in accordance with the agreement and understanding between Haebler and the defendant and in accordance with the memorandum made at the time of said preliminary agreement. Thereupon defendant's attorney, Tucker, in behalf of his client and in the name of the legal firm of which he was a member, addressed to Cohn, representing Haebler, the following letter:

" *January* 7, 1916.

" Eugene Cohn, Esq.,
    " 74 Broadway,
        " New York City:

" Dear Sir.— The Central Trust Company has turned over to us the extension agreements which you sent it to-day on behalf of Mr. Haebler. It was the understanding at the time the terms of the extension of this mortgage were agreed upon that Mr. Haebler should execute the extension agreement personally. We note that the same is executed by Herman Mehlhop. On behalf of the Trust Company we hereby request that the agreement be properly corrected, and that the same be executed by Mr. Haebler according to his understanding with the Trust Company.

" Kindly give this matter your immediate attention.

" Yours very truly,

" WDT/WMW "    " JOLINE, LARKIN & RATHBONE.

Neither Cohn nor the parties whom he represented replied to this letter, or complied with the request therein contained, and Haebler never executed the extension agreement, nor did the defendant deliver to any one either duplicate of the agreement for the extension of said bond and mortgage. In December, 1917, the defendant brought action to foreclose its mortgage upon said real property. In the foreclosure action it credited said $3,000 paid upon the principal of said bond and mortgage, claiming, as the balance due upon principal, the sum of $27,000. In the foreclosure action there were named as defendants, the Mountain Construction Company, Herman Mehlhop, the plaintiff herein, Theodore Haebler, and Pauline Haebler, his wife. All of the defendants made default in pleading, save the defendant Mehlhop, who appeared in said action by said Cohn, as his attorney, and interposed an answer wherein he denied the payment of $3,000 upon the past-due bond and mortgage, and denied that at the time of the commencement of the action the sum of $27,000 or any part thereof was or became due or owing, or that it was or became due or owing at any time thereafter. For a separate defense to

the complaint of the said plaintiff, the defendant Mehlhop set forth and alleged that he became seized of the mortgaged premises through conveyance thereof from the said Haebler and wife, and that on or about January 7, 1916, the said defendant caused to be delivered to the said plaintiff a certain instrument under his hand and seal, whereby, for sundry considerations therein expressed, the said defendant assumed the payment of the principal sum secured by the said mortgage and agreed to pay the same, $3,000 of said principal at the time of the delivery of said writing and the balance of $27,000 on the 8th day of January, 1919, and which said instrument purported to express an agreement by the said plaintiff, for good and valuable considerations, to extend the time of the payment of said mortgage in the manner as thereinbefore recited. The defendant in the foreclosure action (this plaintiff) further alleged in his said answer that together with the said paper writing there was delivered to the said plaintiff as a part of the said agreement, and not otherwise, the sum of $3,000, which sum the plaintiff had retained, and that plaintiff had since been in possession of said writing obligating said defendant as aforesaid, and had retained and appropriated and still retained said $3,000 paid in pursuance thereof. The plaintiff herein specifically set forth and alleged in his answer in said foreclosure action: " That by such retention of the said paper and of the said money the said plaintiff extended the time for the payment of the said mortgage and for the sum of Twenty-seven thousand ($27,000) dollars, still unpaid, to the 8th day of January, 1919, and that no part of the said balance of Twenty-seven thousand ($27,000) dollars is now due or payable."

Unquestionably, by his said answer in said foreclosure action, this plaintiff squarely tendered the issue as to whether said $3,000 was a payment upon past-due principal, as claimed by the plaintiff in that action, or whether it was a payment, as claimed by the defendant therein, as a consideration for the extension of said bond and mortgage, and that by his answer in the foreclosure suit the plaintiff herein tendered the issue as to the amount due upon said bond and mortgage there sought to be foreclosed, and, indeed, tendered the issue whether, under the facts as alleged, there was in law, by the retention by the mortgagee of said paper and of said money, an extension of time of payment of the principal of said bond and mortgage; and tendered the issue as to whether or not, at the time of the commencement of said foreclosure action, there was any sum due upon said bond and mortgage. The issues thus tendered were tried by the court at Equity Term. As the result of such trial the court made its decision, whereby it found as follows:

" VIII. Thereafter the sum of Three thousand dollars ($3,000)

was paid on account of the principal sum of said past due bond and mortgage. * * *

" X. No part of the balance of said principal sum, amounting to Twenty-seven thousand dollars ($27,000), has been paid and there is now due and owing to plaintiff said sum of Twenty-seven thousand dollars ($27,000), with interest from July 8, 1917, at the rate of five per centum (5%) per annum. * * *

" XV. No agreement purporting to extend the time of payment of said principal sum of said bond and mortgage was ever executed and delivered by plaintiff, and the time of payment of said principal sum was never extended.

" XVI. The payment of Three thousand dollars ($3,000) made on January 7, 1916, was a payment on account of said past due bond and mortgage."

And as conclusions of law, based upon said findings of fact, the court held as follows:

" I. The principal of the bond and mortgage set forth in the complaint became due and payable on January 8, 1915, and the sum of Three thousand dollars ($3,000) thereafter paid on account of said principal sum was in reduction of said principal sum of said mortgage as past due.

" II. No agreement purporting to extend the time of payment of the principal sum of said bond and mortgage was ever executed and delivered by plaintiff.

" III. There is now due and owing to plaintiff as the owner and holder of said bond and mortgage the balance of the principal sum, amounting to Twenty-seven thousand dollars ($27,000), with interest thereon at the rate of five per centum (5%) per annum from July 8, 1917, no part of which has been paid."

And upon the foregoing findings of fact and conclusions of law, the court decided that the plaintiff was entitled to judgment of foreclosure and for a sale of the said mortgaged premises, and judgment was entered thereon in accordance with said decision of the Special Term.

Upon the sale in foreclosure a deficiency judgment was entered in favor of the plaintiff therein and against the defendant Mountain Construction Company for the sum of $2,539.60. Prior to the commencement of this action the plaintiff demanded repayment of the $3,000 alleged to have been paid as a consideration for the extension of said bond and mortgage, and, upon defendant's refusal thereof, brought the present action. The court, as before stated, ultimately granted plaintiff's motion for the direction of a verdict in plaintiff's favor for said $3,000, together with interest thereon, amounting to $3,525.

I am of the opinion that the learned court erred in thus directing a verdict in plaintiff's favor. It seems to me, first, that the evidence clearly shows that the defendant never agreed with the plaintiff for an extension of the time of payment of said bond and mortgage, but that said agreement, so far as it ever was made, was with Haebler upon the consideration of Haebler's executing the extension agreement. The extension agreement which was tendered at the time of the payment of the $3,000, besides interest and expenses, was not executed by Haebler, as contemplated by the parties in their preliminary agreement, but was executed by the plaintiff, who, the evidence discloses, had no real financial interest in the transaction, and was acting merely in Haebler's behalf. It was not the plaintiff's money that was paid as a consideration for such extension, but, in fact, said funds were furnished and paid by Haebler. Plaintiff was seasonably notified of the refusal of the defendant to execute an extension agreement, except with Haebler, and demand was made that the latter fulfill his part of the agreement. This he never did. The plaintiff herein never had any title to the moneys in question. They were at all times, prior to the payment thereof to the defendant, the property of Haebler, and even Haebler, having defaulted in his agreement, would be in no position to demand a return thereof.

But a more serious obstacle in the way of plaintiff's recovery herein lies in the fact that the decree in the foreclosure action must be held to have finally disposed of all questions litigated upon the trial of the present action, and that said judgment in foreclosure is *res judicata* as to the claim of plaintiff herein. In the foreclosure action the plaintiff alleged the payment of $3,000 on account of past-due principal of said bond and mortgage. The answer denied the same, thus tendering the issue with respect to such allegation. Furthermore, the complaint in the foreclosure action alleged as the amount due upon the bond and mortgage the sum of $27,000, and that said sum was, at the time of the commencement of said foreclosure action, past due. The answer denied these allegations and set up by way of defense the claim of the plaintiff herein that said moneys were paid for the purpose of extending the time of payment of said bond and mortgage, and that by the retention thereof and of the proposed agreements executed by the plaintiff herein, the time of payment of said mortgage was, in law, extended until the 8th day of January, 1919. Thus, the very questions as to whether or not the $3,000 was paid as claimed by the plaintiff herein, and as to whether the mortgage was due, were facts which were at issue and determined directly by the decision and judgment in that action adversely

to the claims of the defendant therein. The court held distinctly that there was no agreement for the extension of the payment of said principal sum of said bond and mortgage ever executed by the plaintiff; *that the time for the payment of said principal sum was never extended;* and that the payment of the $3,000 aforesaid was a payment on account of said past-due bond and mortgage. Thus the court finally disposed of the contention of the defendant in that action, who is the plaintiff here. The very facts thus passed upon and determined in the foreclosure action, adversely to the contentions of the defendant therein, are the same facts upon which said defendant, as plaintiff in the present action, now claims a right to recover the moneys paid. I am, therefore, of the opinion that the decree in the foreclosure action is a bar to a recovery by the plaintiff herein, and that said decree became *res judicata* as to the issues involved in the case at bar.

The judgment and order appealed from should be reversed, with costs, and the plaintiff's complaint should be dismissed, with costs.

Clarke, P. J., Laughlin and Greenbaum, JJ., concur; Smith, J., dissents.

Smith, J. (dissenting):

I am unable to agree with the conclusion reached by the court that the judgment in the foreclosure estops the plaintiff from making this claim. In 15 Ruling Case Law, section 455, it is said: " In order to bar a second action the circumstances of the first action must have been such that the plaintiff might have recovered for the same cause of action alleged in the second." Under the principle stated in this rule if the plaintiff in this action were unable to recover upon this cause of action in the foreclosure action, he is not estopped by the adjudication of that action of the amount due upon the mortgage. This plaintiff's defense in the foreclosure action was that the mortgage was not due by reason of an extension of time agreed upon between the parties upon the payment of $3,000 upon the mortgage. It is very clear that the claim here could not be asserted as a counterclaim in that action, nor could this plaintiff have appealed from the judgment in that action because he was not aggrieved by the judgment inasmuch as a lesser amount was found due upon the mortgage than he claimed to be due.

In *Cauhape v. Parke, Davis & Co.* (46 Hun, 306; affd., 121 N. Y. 152) upon the trial of an action brought by the plaintiff upon a contract alleged to have been made with the defendant, the only evidence offered by the plaintiff was the judgment roll in a prior suit between the same parties, wherein the referee had found that

such a contract was made, but had refused to grant any relief, upon the ground that he had no jurisdiction to do so.   It was there held, " that the existence of this contract was not *res adjudicata* between the parties by reason of the finding in the previous action in such a sense as to render such former finding of fact binding upon the defendant in this suit, and that a judgment dismissing the complaint for a failure to prove the existence of the cause of action sued on should be affirmed."   Mr. Justice BARTLETT, in writing for the General Term in this department in his opinion says: " Before that finding could successfully be invoked against the defendants as a prior adjudication, we think it would have to appear that it constituted a decision, or the basis of a decision, from which the defendants could have appealed."

If in a foreclosure this plaintiff, there defendant, had simply asserted that the amount due upon the mortgage was $3,000 more than is claimed by the plaintiff, judgment would have been ordered on such an answer as frivolous.   The right of the plaintiff to recover back the $3,000 paid was not a material issue in that action, because no relief in this plaintiff's favor could have been granted upon such an issue.   In *House* v. *Lockwood* (137 N. Y. 269) the court said: " Although a decree in express terms professes to affirm a particular fact, yet, if such fact were immaterial to the issue, and the controversy did not turn upon it, the decree will not conclude the parties in reference to such fact."   In *Reynolds* v. *Ætna Life Ins. Co.* (160 N. Y. 635, 652) the court said, in speaking of a former judgment: " It is final only as to facts litigated and decided which relate to the issue, and the determination of which was necessary to the determination of that issue."   In *Campbell* v. *Consalus* (25 N. Y. 613) it appeared that Consalus on a former occasion had sued for cancellation of a mortgage on the ground that it had been paid.   To ascertain whether his claim of payment was well founded, the referee before whom the action was tried had taken and stated an account between Consalus and the mortgagee, and had found that a balance of $2,754.88 remained still unpaid.   Accordingly, judgment was rendered dismissing the complaint.   Thereafter Campbell, who in the meantime had acquired the mortgage, brought foreclosure and relied upon the former judgment as an adjudication that $2,754.88 was due from Consalus.   But the Court of Appeals held otherwise, and held that the judgment was only an estoppel as to the fact that there was some amount remaining unpaid upon the mortgage, but was not an estoppel as to the amount remaining unpaid, although the matter was contested and findings made stating the amount found due upon the mortgage.

In this case the question as to the purpose for which the money

was paid was not material to the issue there determined. This plaintiff was not required in that action to insist that the plaintiff should recover more than he claimed in his complaint. This plaintiff was not liable upon the debt and was simply the owner of the equity upon which the mortgage was being foreclosed, and as to the issue here presented, that issue was not material to the issue raised by this plaintiff in that action as to whether the mortgage was then due, and the judgment, therefore, was not an estoppel against him. If the plaintiff in this action had there claimed a lesser amount due than was claimed by the plaintiff in that action, that issue would have been material. The claim of the plaintiff in this action that these moneys were not paid upon the mortgage and that a greater sum was due, did not raise a material issue.

The matter was submitted to the court for its decision and the court decided in favor of the plaintiff, and the judgment should be affirmed.

Judgment and order reversed, with costs, and complaint dismissed, with costs.