## COPLAND v. FRIEDMAN.

### No. 11792.

Court of Civil Appeals of Texas. Galveston.

June 27, 1946.

Rehearing Denied July 11, 1946.

Al L. Crystal, of Houston, for appellant.

No appearance for appellee.

GRAVES, Justice.

This appeal is from a judgment of the County Court at Law of Harris County, sitting without a jury, denying the appellant, Lester Copland, any recovery against appellee, William Friedman, in the former's suit against the latter, for the sum of $850 damages, claimed by the appellant to have resulted to him from the appellee's failure to live up to a written contract, dated November 23, 1943, whereby the appellee, in addition to the business at 804-½ Preston Avenue in Houston, known as "Ray's Exchange", had further agreed to sell, transfer, and deliver to United Retail Stores, a corporation, of Harris County, Texas, "The unexpired term of the lease now held and owned by me (Mr. Friedman) as lessee on said premises, said lease extending to November 20, 1945, the rental being $50.00 per month, payable in advance, rent being already paid up to December 14, 1943."

The court, on appellant's request, filed in substantial substance these findings of fact and conclusions of law in support of its judgment:

"(1) That the plaintiff and defendant are both residents of Harris County, Texas.

"(2) That on the 23rd day of November, 1943, the defendant was engaged in the jewelry business, doing business under the trade and style name of 'Ray's Exchange', at 804-½ Preston Avenue in the City of Houston.

"(3) That on the 23rd day of November, 1943, the defendant, in consideration of the sum of $4,150.00, transferred, sold, assigned, and delivered to the United Retail Stores, a corporation, the aforesaid business, together with all goods, wares, fixtures, and the unexpired term of the lease of said premises.

"(4) That the plaintiff, Lester Copland, was not a party to said contract of sale.

"(5) That the plaintiff was not the owner of the United Retail Stores, a corporation, nor an officer of same.

"(6) That said contract of sale was not made for the benefit of plaintiff, Lester Copland.

"(7) That the plaintiff was not the purchaser of said business, together with all goods, wares, and fixtures, and the unexpired term of said lease.

"(8) That Ben Deutser was the father-in-law of the plaintiff.

"(9) That Ben Deutser was the sole, or at least, the principal owner and manager of the United Retail Stores, a corporation, which was the purchaser of 'Ray's Exchange' at 804-½ Preston Avenue, in the City of Houston, and that the said Ben Deutser was the principal owner and manager of the Deutser Realty Company.

"(10) That the rent on the space rented by 'Ray's Exchange' was never increased

until the building was purchased by said Deutser Realty Company.

"(11) That said rent was raised only for the purpose of laying a predicate for this law suit.

"(12) That plaintiff actually suffered no damages by any misrepresentations made by defendant as to the lease, and therefore should not recover.

"Conclusions of law.

"That plaintiff, Lester Copland, actually was not injured or damaged, as complained of in his petition, and therefore is not entitled to recover damages as prayed for."

■ Through two groups of claimed points of error in his brief, the appellant (the appellee having filed no brief) first attacks the court's findings of fact as being wholly unsupported by the evidence, and next its conclusion of law as being unsound, because based upon such "erroneous findings".

This court, after careful examination of the statement of facts, in the particulars properly brought under its review by these assignments, is unable to hold that the court's controlling findings, as quoted, are either without any evidence to support them, or so against its overwhelming weight as to be clearly wrong; hence, it can neither sustain the attacks upon them, nor that upon the quoted conclusion of law appended.

It is deemed unnecessary to undertake a re-statement of the testimony as a whole, or even a comprehensive resume thereof, since in the view this Court takes of the trial court's action—it having before it both principals to the suit and the written contract upon which it was based—it seems clear that there was enough evidence to make the findings below binding upon this appeal.

Indeed, the appellant himself, throughout his testimony, seems frankly uncertain as to just what the nature of his undertaking with the appellee was, despite his insistence throughout that, instead of, as the trial court so found, he had made a straight-away purchase of the appellee's stock of goods, together with the 17 months' unexpired lease on the premises wherein they were located, at 804-½ Preston Avenue, from the appellee for $4,150 cash then paid him.

But, as already indicated, the business was not at the time of their contract in the appellee's name, but in the name of "Ray's Exchange", and, by appellant's admission, was then owned by the corporation, United Retail Stores; further, appellant also admitted that he then borrowed the $4,150 from that corporation—that is, that he and his wife so borrowed it, through her father, Mr. Deutser, hence appellant did not then consider himself the owner of the business until he had later paid off that borrowed money; in fact, while he contends on appeal that he was then the owner of all the stock of that corporation, he freely concedes that it was a corporate entity, with its taxes kept paid up as such, through which his wife's family did business, and that it was never dissolved, liquidated, nor made a party to this litigation—he saying, in substance and effect, that it was a corporation, that he himself so later became the owner of all its corporate stock, and that it was just allowed to remain in a state of "innocuous desuetude".

These stated considerations alone, it is thought, require this court to uphold the controlling findings and the consequent disposition so made by the trial court.

Indeed, appellant did not allege that the United Retail Stores corporation had been acting as his agent, or alter ego, in buying the business and so contracting for the purchase of the unexpired lease privilege on the building in which it was located; wherefore, especially in view of his own testimony that he considered the entire contract as belonging to his wife's family under the name of United Retail Stores until he paid the $4,150, which he borrowed, there would seem to have been no notice brought home to the appellee at the date of the contract that appellant was claiming those contractual rights in his own individual capacity.

Especially is this so, since the record teems with testimony from the appellee, in turn, that, in making such purchase and in

entering into the contract herein sued upon, he dealt only, in all contractual features, with Mr. Deutser, the appellant's father-in-law; that Mr. Deutser made the purchase, paid the $4,150 consideration to him, and otherwise acted as the real party at interest throughout the transaction. There is no dispute in the record of that testimony, although Mr. Deutser himself was not called as a witness.

In these circumstances, without detailing them further, it is held that this record as a whole presents an ordinary instance of where the appellate court is bound by the findings of fact, on sufficient evidence, made by the trial court. Texas Digest, Vol. 4, Part I, Appeal and Error, 989, 1008(1).

Without further discussion, since this conclusion determines the merits of the appeal, the judgment will be affirmed.

Affirmed.