**CLARK v. COHEN.**

No. 11899.

Court of Civil Appeals of Texas.   Galveston.

Oct. 16, 1947.

Rehearing Denied Nov. 6, 1947.

W. B. Pope and John W. Pope, Sr., both of Dallas, for appellant.

Werlein & Werlein, of Houston (Presley E. Werlein, Jr., of Houston, of counsel), for appellee.

GRAVES, Justice.

It is thought that no clearer nor simpler statement of the nature and result in the Court below of this cause could be made than thus appears in the judgment of the Trial Court, to-wit:

"the controversy between the plaintiff and the defendant giving rise to this litigation originates from an oral contract between said parties, providing;

"(a) That plaintiff was to pay all bills in connection with the purchase and sale of merchandise by the defendant, for a joint business to be conducted in Houston, Texas.   Plaintiff was to keep charge of all books, records and bank account of said business in Dallas, Texas.

"(b) That defendant was to devote time, energy, labor, experience, service, and skill in the purchase and sale of merchandise, and forward to the plaintiff, for payment, all bills incurred in the operation of said business.

"(c) That after all expenses of the business had been paid, including purchases, employees' salary, rents, lights, and other overhead expenses, the plaintiff was to receive two-thirds and the defendant one-third of the net profit, if any, of said business;

"(d) That the operation of said business was a joint adventure for the sale of specialties only, and did not cover fireworks; that the defendant was not guilty of any negligence or breach of duty in his operation of said joint-adventure, and has turned over to the plaintiff all amounts and proceeds due him from the operation of said business that came into defendant's hands.

The Court is of the further opinion and so finds, that the defendant's business, Alco Fireworks and Specialty Company, was not a part of any joint-adventure of the plaintiff and defendant, but was a separate and distinct business belonging solely to the defendant, and that no profits were made in such business prior to the termination of the joint-adventure on November 12, 1945, except from the sale of fireworks;

"The court is of the further opinion that the plaintiff, I. B. Clark, should not recover anything by his suit against the defendant, A. M. Cohen, and that the defendant, A.

M. Cohen, on his cross-action filed herein for the recovery of profits resulting from a separate enterprise with plaintiff dealing with the retail sale of fireworks, should have and recover of and from the plaintiff, I. B. Clark, the sum of Eight Hundred ($800.00) Dollars.

"It is therefore decreed by the court that the plaintiff, I. B. Clark, take nothing by his suit against the defendant, A. M. Cohen, and that the defendant and cross-plaintiff, A. M. Cohen, on his cross-action filed herein, do have and recover of and from the said cross-defendant, I. B. Clark, the sum of Eight Hundred ($800.00) Dollars, with interest at the rate of six (6%) per annum from this date."

Appellant inveighs here against the judgment so adverse to him, through 15 stated points of error, under which, in the aggregate, he contends, in substance, that, while he owed the appellee nothing, the latter came out at the close of their transactions indebted to him, in a final net-balance of Five Thousand Two Hundred Ninety-Eight and 23/100 ($5,298.23) Dollars, which he asked the trial court, on a reversal of its quoted judgment, to decree in his favor.

He arrived at the deduction of such final resulting-balance from his general contention that the preponderance of the evidence, as reflected by the statement-of-facts, established the following facts in his favor:

"(a) That appellee was an agent and employee of the appellant to manage and operate appellant's branch house known as the Southern Fireworks and Specialty Company in Houston, Texas, and to purchase for appellant merchandise and to make sale thereof and to do any and all things necessary as such manager and employee to properly perform the duties of his employment.

"(b) That appellee Cohen was to receive for his services one-third of the net profits, such net profits to be determined by audit and final adjustment on the expiration date of the contract of employment, which was the 15th day of January, 1946.

"(c) The appellant was to pay all expenses of the operation of said Houston business known as the Southern Fireworks and Specialty Company.

"(d) Appellee Cohen, under his employment, was to have a drawing account from the appellant in the sum of $50.00 per week, and the total amount so drawn in advances was to be deducted from the one-third net profits at the end of their fiscal year, which was January 15, 1946, and the differences to be paid to Cohen, appellee.

"(e) That appellee had drawn in advances from appellant up to November 13, 1945, $1225.00.

"(f) That up to the 13th day of November, 1945, there had accrued as one-third of net profits to appellee Cohen the item of $800.00, being one-third of the net profits on fireworks sold at stands in the city of Houston during the month of July, 1945, and one-third of the net profits of $1583.24, which was in the sum of $427.75, making a total of one-third profits in the sum of $1327.75, which had accrued in favor of the appellee Cohen up to the 13th of November, 1945.

"(g) That the appellee Cohen was indebted to appellant Clark, his employer, on November 13, 1945, $1225.00, and the further sum of $518.48, being two-thirds of the net profits from the Alco Fireworks and Specialty Company from July 1, 1945, to November 13, 1945, the total of which was $871.72, as is reflected by the auditor's report in the Statement of Facts at page 522. This $518.48 added to $1225.00, makes a total sum of $1743.48 which the appellee Cohen was indebted to the appellant on November 13, 1945, without considering the other items sued for in this cause. Deducting the amount due appellee Cohen in the sum of $1327.75, leaves a balance due appellant Clark by appellee Cohen in the sum of $415.73 as of the 13th of November, 1945.

"(h) That the auditor appointed by the Court established a shortage in the merchandise of appellant representing the purchase price thereof, which was paid by appellant, in the sum of $3031.59, a loss occasioned by the fraud and negligence on the part of the appellee Cohen in the management and handling of appellant's business, by virtue of being in the same character and kind of business for himself and co-mingling his own merchandise with that of the appellant.

"(i) That two-thirds of the net profits upon the said $3031.59, if the same had been sold by appellee Cohen in the proper performance of his employment, is in the sum of $632.93. That the appellee Cohen from and after November 13, 1945, up to January 15, 1946, made a net profit in the operation of the Alco Fireworks and Specialty Company, being during the time of his contract with appellant, which totals a net profit made by the said appellee Cohen in the operation of the Alco Fireworks and Specialty Company from July 1, 1945, up to November 13, 1945, and from November 13, 1945, up to January 15, 1946, in the total sum of $2604.68 (See auditor's report, page 532, S. F.). Two-thirds of the total of said net profits is in the sum of $1736.46. That the cause of action here cast as reflected by the pleadings and as supported by the preponderance of the evidence establishes that a judgment should have been entered in this cause by the Court for the three items, to-wit:

$3031.59,

632.93

1736.46, making a total in judgment in favor of the appellant and against the appellee for $5400.98.

"(j) That when appellant called upon appellee Cohen to furnish to him the exact status of his business in the branch house in Houston, Texas, the appellee Cohen did on or about November 1, 1945, prepare an inventory of the stock of merchandise in said business at that time and did furnish to the appellant a profit and loss sheet as of November 1, 1945, which is appellant's Exhibit No. 5, and is fully reflected at pages 403–404 of the Statement of Facts, and that the employee in said profit and loss sheet represented to his employer, appellant herein, that the net profit on said business at that time from June 10, 1945, to November 1, 1945, was in the sum of $4224.03, and the appellee Cohen in closing the said Profit and loss sheet used the following language: 'This is a true and accurate accounting of the Southern Fireworks and Specialty Company's Houston Operations since June 10, 1945, to November 1, 1945,' signed, 'A. M. Cohen, branch manager,' and written in his own handwriting

in ink. That this profit and loss sheet was padded by the appellee Cohen, as well as the inventory of merchandise attached thereto, as will be fully shown by the evidence under the audit made by Mr. Burer, appointed by the Court, reflected in the Statement of Facts at page 504 and being plaintiff's Exhibit No. 14, wherein the independent and unbiased auditor made and filed in this cause his audit showing a shortage in merchandise of $3031.59 and that the net profits on said branch house in Houston from January 15, 1945, to October 31, 1945, was in the sum of $1583.24.

"(k) That when said audit was filed in Court and after the auditor testified with reference thereto, the appellee Cohen did not assume the burden upon him as the agent and employee to show that he fully informed the principal of all facts within his knowledge bearing upon all of his transactions where the agent has made a profit in the execution of the agency. (See Thimsen v. Reigard, 95 Or. 45, 186 P. 559).

"(l) That the appellee Cohen began on or about the 1st of July, 1945, while he had contracted all of his time and services to the appellant, to store merchandise of the same character and kind in a building on appellant's premises and began doing business secretly, without the knowledge and consent of appellant, in purchasing and selling the same kind and character of merchandise as he was employed to purchase and sell for the appellant."

As the stated presentment discloses, the appellant thus challenges every quoted conclusion of the trial court as to the nature of the contract and legal relations between the parties, as well as every material finding-of-fact as to the result of their dealings with each other, under them.

Since the parties at the inception of the trial mutually waived the intervention of a jury and so agreed for the Trial Court to find the facts, and since, under the law, it was also under the obligation of construing and declaring the legal effect of the contract between them, it becomes apparent that the two over-all questions-of-law involved on the appeal are: (1) Whether or not the court correctly construed the legal relations between them as constituting a

joint-adventure, instead of the more ordinary one of principal and agent, or employer and employee, as claimed by the appellant; (2) whether there was evidence sufficient to support the trial court's given findings-of-fact: (1) That the appellee was not guilty of any negligence, or breach of duty, toward appellant; (2) that he had turned over to him all due him from the operation of their business; (3) that the appellee's "Alco Fireworks and Specialty Company" was a separate individual business wholly his own, was not a part of his joint-adventure operations with appellant, and that no profits were made by him in such Alco Fireworks business, except from the sale of fireworks, prior to November 12, 1945, when the joint-adventure business between him and appellant ended.

It is obvious from a mere reading of them, that appellant's first six points-of-error present mere abstractions, violative of Rule 418(b), Texas Rules of Civil Procedure, but, as this Court's full copy of his 11 itemized claims a to k, both inclusive, supra, presage, its holdings in support of the Trial Court's copied judgment embrace them all.

As above indicated, the parties expressly submitted their entire controversy herein to the arbitrament of the Court as to both the legal and factual effect of their business dealings with each other, their basic agreements, which in sum constituted their contract, having been oral in the beginning, and their accounts and their subsequent accounts under them having been susceptible of proof, largely parol, but aided by many statements of account, bills, and some letters, which were written.

After reviewing such record, no reason occurs to this Court for not fully approving the Trial Court's holding that the parties were engaged in a joint-enterprise with reference to this sale of specialties, and that their dealings together with reference to fireworks were distinctive and special, separate and apart from and not a part of their specialties business, hence were controlled by the distinctive special agreement with reference thereto the Trial Court found, on sufficient evidence to have existed.

That is, their agreement to divide the profits was based upon a joint and real ownership each in them as such, and not as a mere yardstick wherewith to measure a different kind of compensation which was to go to the appellee as agent or employee, as appellant contends. Mangum v. Turner, Tex.Civ.App., 142 S.W.2d 951, writ dismissed; Hill v. Curtis, 154 App.Div. 662, 139 N.Y.S. 428.

Wherefore, as to the copied findings of the Trial Court, both concerning the nature of the contract and the monied-accounts that occurred between the litigants in carrying out their undertakings, this Court finds there was evidence sufficient to support the findings made by the Court below; hence it is not at liberty to set them aside. Copland v. Friedman, Tex.Civ.App., 195 S.W.2d 763; Walker v. Walker, Tex. Civ.App., 201 S.W.2d 61. While these conclusions determine the merits of all appellant's properly-presented points, it may not be amiss to add this concerning the $800 allowance so awarded the appellee by the Trial Court upon his cross-action for an agreed compensation from appellant on the sale of fireworks; in the first place, the record shows that appellant neither denied that such sum was due the appellee from him, nor that it had not been paid; but he further testified in substance that the merchandise sold by the appellee, from which such indebtedness arose, had not been the property of the Houston office of appellant, Southern Fireworks and Specialty Company; from that testimony, together with sufficient supporting evidence otherwise in the record, the Trial Court correctly found such $800-indebtedness by appellant to appellee had resulted from a separate enterprise between them, dealing with the retail sale of fireworks alone.

These conclusions require an affirmance of the Trial Court's judgment. It will be so ordered.

Affirmed.