JULIUS E. FOSTER, Respondent, v. LOUIS W. PARKER et al., Appellants, et al., Defendants. (Action No. 1.) JULIUS E. FOSTER, Plaintiff, v. LOUIS W. PARKER, Defendant. (Action No. 2.) — In this consolidated action, a patent attorney seeks damages from an inventor for an alleged breach of contract (action No. 2), and sues the inventor and others to set aside a settlement agreement and general release, and for other relief (action No. 1). Prior to consolidation, defendant in action No. 2 moved to dismiss the complaint therein upon the ground, among others, of general release. In opposition, plaintiff contended that there was fraud involved whereby he was induced to sign the release, and said issue was referred to an Official Referee who found that the mechanics of the execution and delivery of the release were valid; that thereby all rights under the original agreement between the parties were intended to be released; that said defendant did not apprise plaintiff of the fact that he had already received $20,000 from the Zenith Corporation; that Zenith was one of the prospects with which plaintiff had been authorized, under the aforesaid agreement, to negotiate for 50% of any sums received from such prospects; that said defendant was under a duty to disclose the receipt of the money from Zenith, that said defendant's failure to make such disclosure constituted a fraud and that the foregoing determination " applies to the claims embraced in the present action  *  *  *  limited to the extent of the moneys received by defendant prior to the execution of the agreement of settlement and the general release ". In the proceedings subsequent to the entry of the order of the Official Referee, the parties hereto, without objection, have established their own procedure. Defendants Parker appeal from the order entered thereon, in respect to the determination that there was fraud in connection with the signing of the release and the accompanying settlement agreement, and in other respects. Order modified with respect to the first decretal paragraph thereof, as follows: subdivision 1. by deleting the words " this Court determines ", and by substituting therefor the words " it is determined "; subdivision 2. by deleting the words " this Court determines that there was fraud, in the respects indicated in the opinion of the Official Referee dated April 10, 1953 ", and by substituting in lieu thereof the words " it is determined that there was no such fraud "; subdivision 3. by deleting the words " this Court determines that, had there been no fraud ", and by substituting the words " it is determined that "; subdivision 4. by deleting the words " of this Court ", and everything which follows the word " thereof ", and by adding in lieu of the latter deletion the words "it is determined that it does apply to all such claims ". The said order is further modified by striking therefrom the second decretal paragraph. As so modified, the order is affirmed, with $10 costs and disbursements to appellants. In our opinion it was error to hold that defendant Louis W. Parker was under a duty to disclose the receipt of said money, and that his failure to do so con-

stituted a fraud. Although the burden of proving the validity of the general release was upon defendant Louis W. Parker, who offered it, inasmuch as it is agreed that there was proper execution and delivery thereof the burden of going forward with the evidence to establish fraud therein was upon plaintiff, who alleged it. (*Piuntkosky* v. *Harrington's Sons Co.*, 167 App. Div. 117, 118; *Lynch* v. *Figge*, 200 App. Div. 92.) In our opinion, plaintiff did not meet that burden. While the original agreement provided that plaintiff's compensation was to be in the form of a share of the profits and that the contract should inure to the benefit of the heirs of the parties, it was not intended to convey to him a proprietary interest in the exploitation of the patent. Construed in the light of all the facts in this case, it is clear that the parties did not intend to establish a joint venture or partnership. (*Hill* v. *Curtis*, 154 App. Div. 662; Partnership Law, § 10, subd. 1.) Therefore, there was no such fiduciary relationship as to obligate said defendant to make the disclosure. Nor did plaintiff have a financial interest in the payment in question that would entitle him to be apprised thereof. Under their agreement, drawn by plaintiff, he was to be compensated for successful results that *he* achieved, and it is conceded that he had no part in the Zenith transaction. Also, even if the power of attorney given plaintiff by the contract for the purpose of enabling him to negotiate were construed as conferring upon him an exclusive agency, he would, nevertheless, not have an interest in the Zenith payment, it being established that he was discharged in good faith long before that agreement was initiated. In the circumstances, plaintiff had no pecuniary interest in the results achieved without him. (Restatement, Agency, § 434, comment b; §§ 445, 449; 3 C. J. S., Agency, § 184.) Since there was neither fiduciary relationship between the parties, nor financial interest on the part of the plaintiff in the funds in question, the failure of defendant Louis W. Parker to make a disclosure did not constitute a fraud. (*Peoples' Bank of City of New York* v. *Bogart*, 81 N. Y. 101, 107; *Amend* v. *Hurley*, 293 N. Y. 587, 596.) Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.