**James S. FULLER, Appellant,**

v.

**Betty R. FULLER, Appellee.**

**No. 7630.**

Court of Civil Appeals of Texas, Beaumont.

Dec. 30, 1974.

Black & Black, Port Arthur, for appellant.

James S. Fuller, pro se.

Harold Peterson and Michael S. Petit, Beaumont, for appellee.

DIES, Chief Justice.

Betty R. Fuller, appellee, filed application below for a charging order pursuant to Vernon's Tex.Rev.Civ.Stat.Ann. art.

6132b, § 28 (1970) (Texas Uniform Partnership Act) against James S. Fuller's interest in the law firm of Fuller, Fuller & McPherson. The order was granted from which James S. Fuller brings this appeal contending, in two points, that the firm of Fuller, Fuller & McPherson is not a partnership within the Act.

This Act (art. 6132b, § 6) defines a partnership as "an association of two or more persons to carry on as co-owners a business for profit." The Source and Comments section tells us courts and commentators have had excessive difficulty in defining partnership.

The firm of which appellant is a member is a successful Port Arthur law firm. They refer to themselves as "partners," file a partnership tax return; however, their manner of compensation changes from time to time. Essentially, appellant has a fixed sum per month as his "draw." From time to time, the members divide profits remaining after the "draws" and overhead expenses by a percentage previously agreed to each member. This percentage is subject to change by the members. The law building is not owned by the firm. They have no written agreement. While the furniture and other personalty is owned by the four members, there seems to be no clear understanding what the percentage each owns. Any one of the four partners may sign a check on the bank accounts. Appellant's interest in the firm for purposes of distribution is 27½ percent. Appellant admits he has often referred to the firm as a "partnership." The firm had filed a lawsuit referring to itself as a "partnership." The "draw" each member gets is examined usually semi-annually. The earnings or fees of each attorney goes into a common fund from which the expenses, "draws," and percentages are distributed.

■ Many Texas cases have spoken on the elements necessary to create a partnership. The Supreme Court of Texas [Thompson v. Schmitt, 115 Tex. 53, 274 S.W. 554 (1925)] quoted the early Texas case of Goode v. McCartney, 10 Tex. 193, 194 (1853):

"[T]he criterion by which to determine, in general, whether persons are partners or not, is to ascertain whether there is a communion of profit and loss, between them."

Intention of the parties is said to be important. See Roberts v. Nunn, 169 S.W. 1086, 1089 (Tex.Civ.App.—Amarillo 1914, writ ref'd); also, Luling Oil & Gas Co. v. Humble Oil & Refining Co., 144 Tex. 475, 191 S.W.2d 716, 722 (1945). See First National Bank of Brownwood v. Chambers, 398 S.W.2d 313, 317 (Tex.Civ.App.—Eastland 1965, no writ). But this intention may be implied [Bradford v. Bradford, 172 S.W.2d 365 (Tex.Civ.App.—Amarillo 1943, no writ)], and is only one of the many factors to be considered [Vrocher v. Texas Liquor Control Board, 350 S.W.2d 349, 354 (Tex.Civ.App.—Dallas 1961, no writ)]. The use of a firm name has been given as one of these factors. Urban v. Brady, 86 Ill.App.2d 158, 230 N.E.2d 65 (1967).

In Conrad v. Judson, 465 S.W.2d 819, 826 (Tex.Civ.App.—Dallas 1971, writ ref'd n. r. e.), cert. denied, 405 U.S. 1041, 92 S. Ct. 1312, 31 L.Ed.2d 582 (1973), this definition was approved:

"' . . . a relationship between or among two or more persons where there is a common enterprise and a community of interest therein, the prosecution of the common enterprise for the joint benefit of the parties, and a right of each of the parties to participate to some extent in the profits as such and an obligation of each of the parties to bear some portion of the losses, if any, sustained by the business.'"

■ The question of the existence of a partnership is one of fact. Arnold v. Caprielian, 437 S.W.2d 620, 625 (Tex.Civ.App.—Tyler 1969, writ ref'd n. r. e.). Jenkins v. Brodnax White Truck Company, 437 S.W.2d 922 (Tex.Civ.App.—Tyler

1969, no writ). The court's order granting the charging order presupposes his finding that the firm in question is a partnership as defined under the Act. If there is some evidence of a substantial and probative character to support this finding, the same is controlling upon this court and will not be disturbed. Commercial Union Assurance Company v. Foster, 379 S.W.2d 320, 322–323 (Tex.1964). This court should never set aside a trial court judgment merely because the trier of facts could have drawn different inferences or conclusions. See Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792, 797 (1951); Commercial Union Assurance Company v. Foster, supra.

Using these guidelines, we have concluded that the evidence above summarized supports the trial court's order. Appellant's points of error are overruled. The order of the trial court is affirmed.

Affirmed.