**TEX–CO GRAIN COMPANY, Appellant,**

v.

**HAPPY WHEAT GROWERS, INC.,
et al., Appellees.**

No. 8671.

Court of Civil Appeals of Texas,
Amarillo.

Oct. 18, 1976.

Arthur J. Lamb, Amarillo, for appellant.

Banner, McIntosh & Dobbs; Jack G. Banner, Elmer H. Parish, Fillmore, Lambert, Farabee, Purtle & Lee; Roger A. Lee, Wichita Falls, for appellees.

ELLIS, Chief Justice.

This is a suit on a sworn account by Tex-Co Grain Company seeking recovery of the unpaid balance owing to it for cattle feed delivered to Happy Wheat Growers, Inc., hereinafter referred to as the Feedlot. Tex-Co is seeking to hold each of the defendants, Flynn W. Stewart, A. J. Wood, Jr. and Dave W. Rhone, personally liable for the unpaid portion of the account on the theory that the defendants were partners or joint adventurers with the Feedlot. The case was tried to the court on stipulated facts and a take-nothing judgment was ren-

dered against the plaintiff. Tex-Co has appealed from that judgment. Affirmed.

The stipulated facts reveal the following: In June, 1972, the defendants agreed in writing "to engage in a joint venture" with the Feedlot. In substance, the agreement provided that the Feedlot would accept, feed and maintain the defendants' cattle at its own expense. For this service, the defendants were to be charged the "going price" for the Feedlot's services. If the Feedlot made a profit from caring for the defendants' cattle, the defendants (as a group) and the Feedlot were to divide the profit equally. If a loss resulted (i. e., the Feedlot's expenditures on the defendants' cattle exceeded the fee it charged the defendants) the Feedlot was to bear the entire loss.

·Subsequent to the execution of the above-described agreement, Tex-Co sold the Feedlot a quantity of cattle feed which was delivered in March and April, 1974. At the time the sale was made, Tex-Co neither knew of nor relied upon the agreement between the Feedlot and the defendants. The Feedlot never paid the bill for the cattle feed and later was adjudicated a bankrupt in federal district court.

Tex-Co brought suit against the defendants alleging that their agreement with the Feedlot made them liable for the Feedlot's debt as partners or joint adventurers. Although the agreement denominated the relationship as a "joint venture," the trial court concluded that the agreement created no partnership or joint venture and that the agreement was voided before Tex-Co sold the cattle feed to the Feedlot. On appeal, Tex-Co has complained of both these conclusions, but the basic matter for determination in this case is whether the defendants and the Feedlot were partners or joint adventurers.

█ A joint venture is a legal entity described as being "in the nature of a partnership engaged in the joint prosecution of a particular transaction for mutual profit." *Brown v. Cole,* 155 Tex. 624, 291 S.W.2d

704, 709, 59 A.L.R.2d 1011 (1956). Partnerships and joint ventures, however, are distinct legal entities in Texas. *See e. g., Woodrum v. Cowan,* 468 S.W.2d 592 (Tex. Civ.App.–Austin 1971, writ granted), modified on other grounds, 472 S.W.2d 749; *Humble Oil & Refining Co. v. Luling Oil & Gas Co.,* 192 S.W.2d 315 (Tex.Civ.App.–Galveston 1944, no writ). The rights, duties and liabilities of joint adventurers are analogous to those of partners. *Woodrum v. Cowan, supra,* at 598–99.

█ It is well established that the essential elements of a joint venture in Texas are: (1) mutual right of control, (2) community of interest, (3) agreement to share profit as principals, and (4) agreement to share losses. *Chandler v. Herndon,* 450 S.W.2d 703 (Tex.Civ.App.–Corpus Christi 1970, writ ref'd n. r. e.). Furthermore, whether the given facts in a particular case constitute a joint venture is a question of law to be determined by the court. See *Price v. Wrather,* 443 S.W.2d 348 (Tex.Civ. App.–Dallas 1969, writ ref'd n. r. e.).

█ It is significant that in the instant case Tex-Co and the defendants expressly agreed not to share losses. As previously indicated, a necessary element in a joint venture is that the parties agree to share losses. *Brown v. Cole, supra; Fry v. Shaw,* 508 S.W.2d 142 (Tex.Civ.App.–Dallas 1974, writ ref'd n. r. e.); *Ames v. Texas Gulf Indus.,* 411 S.W.2d 779 (Tex.Civ.App.–Texarkana 1967, no writ). In the light of the foregoing, we hold that, as a matter of law, the agreement did not create a joint venture.

█ Unlike joint ventures, rules regarding the formation of partnerships are derived from the Texas Uniform Partnership Act. Tex.Rev.Civ.Stat.Ann. art. 6132b §§ 6–7. Section 6(1) defines a partnership as "an association of two or more persons to carry on as co-owners a business for profit." Under the Act, the question of partnership *vel non* is primarily one of fact. *Fuller v. Fuller,* 518 S.W.2d 250 (Tex.Civ.App.–Beaumont 1974, writ ref'd n. r. e.); *Arnold v.*

*Caprielian,* 437 S.W.2d 620 (Tex.Civ.App.–Tyler 1969, writ ref'd n. r. e.). The trier of fact must consider all of the evidence bearing on the issue and make a fact finding as to whether a partnership was formed. If there is substantial and probative evidence supporting the finding, it will not be disturbed on appeal. *Fuller v. Fuller, supra; Blair v. Rindy,* 358 S.W.2d 685 (Tex.Civ.App.–Houston 1962, writ ref'd n. r. e.). In this case, the trial court found that no partnership had been formed between the Feedlot and the defendants. There is ample support for this finding in the record. For example, there was no mutual control over the affairs of the Feedlot or the affairs of the defendants. No tangible property was owned in common. Losses and expenses were not shared by the defendants. These facts all support the finding of the trial court and we sustain that finding.

Tex-Co, however, has directed our attention to section 7(4) of the Texas Uniform Partnership Act. According to that section, profit sharing is "prima facie evidence" of the existence of a partnership unless one of five specific exceptions to this rule applies. None of these exceptions applies in this case and Tex-Co has argued that the parties' agreement to share profits conclusively established the existence of a partnership. We do not construe section 7(4) to restrict the finder of fact so drastically.

■ Section 7(4) sets up evidentiary rules for determining whether a partnership exists. If a plaintiff proves that the parties agreed to share profits, he has produced "prima facie evidence" of a partnership. It is our opinion that, in a case such as this one, where there is probative evidence tending to negate the existence of a partnership, presentation of this "prima facie evidence" creates an issue of fact to be determined by the fact finder. The finder of fact, however, is not bound to find that a partnership existed.

On the contrary, decisions rendered since the Uniform Act was enacted indicate that an agreement to share profits, by itself, does not establish the fact of partnership.

*Holman v. Dow,* 467 S.W.2d 547 (Tex.Civ.App.–Beaumont 1971, writ ref'd n. r. e.); *Blair v. Rindy, supra.* We hold that the parties' agreement to share profits did not make them partners as a matter of law under section 7.

■ Tex-Co has contended, however, that the agreement evidences an intent to share profit as co-owners and that the existence of a partnership was proven. Texas courts have held that if those sharing profits did not intend to share them as *co-owners,* they will not be partners. *Strawn Nat'l Bank v. Marchbanks,* 74 S.W.2d 447 (Tex.Civ.App.–Eastland 1934, writ ref'd). Furthermore, in its definition of "partnership," the Uniform Act expressly recognizes co-ownership as an element of a partnership. Tex.Rev.Civ.Stat.Ann. art. 6132b § 6. Case law developed after the enactment of the Act has continued to use pre-Act tests for determining the existence of a partnership. See *Fuller v. Fuller, supra; Conrad v. Judson,* 465 S.W.2d 819 (Tex.Civ.App.–Dallas 1971, writ ref'd n. r. e.), cert. denied, 405 U.S. 1041 [92 S.Ct. 1312, 31 L.Ed.2d 582] (1972). In the instant case, it is our opinion that there is sufficient evidence to support the inference that the parties did not intend to share profits as co-owners. Thus, the existence of a partnership has not been established.

■ It also has been argued that the language in the agreement stating that the parties agreed to "engage in a joint venture" evidences an intent to become joint venturers or partners. Although, as contended by Tex-Co, the language employed is "strong and persuasive" evidence of the intent of the parties when they executed the agreement, the finder of fact was under a duty to consider all parts of the instrument to determine the parties' intent. *Steeger v. Beard Drilling, Inc.,* 371 S.W.2d 684 (Tex.1963). See also *Misco-United Supply, Inc. v. Petroleum Corp.,* 462 F.2d 75 (5th Cir. 1972). The trial court, within its recognized prerogative as the fact finder, found that no joint venture or partnership

was formed. The conclusions reached by the trial court are supported by ample evidence in the record and will not be disturbed by this court. *Fuller v. Fuller, supra,* [518 S.W.2d] at 252. It is our opinion that no joint venture or partnership was formed between the parties to the agreement. Accordingly, Tex-Co's first point of error is overruled.

Appellant's second point of error attacks the trial court's finding that the original agreement had been voided before the debt was incurred. However, our holding that no joint venture or partnership was formed between the parties is dispositive of this appeal; therefore, we do not reach the second point.

For the reasons above stated, the judgment of the trial court is affirmed.