# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00406-CV

**Gary Phillips, Appellant**

**v.**

**Boo 2 You, LLC; George Steven Smith; and Linda K. Smith, Appellees**

## FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
### NO. 12-0966-CC4, HONORABLE JOHN MCMASTER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Gary Phillips appeals from the summary judgment and sanctions order rendered by the county court at law of Williamson County in a suit seeking to establish the existence of a partnership. Appellees are George Steven Smith and Linda K. Smith, husband and wife, and Boo 2 You, LLC, a Texas Limited Liability Company (Boo). We will affirm the judgment.

Phillips pleaded that in the spring of 2010, the parties created a partnership and entered into an agreement relating to the operation of a business selling Halloween products. Phillips asserted further that appellees failed to distribute to him his share of the profits, $29,638.80, claiming that such failure constituted a breach of the partnership agreement as well as a breach of contract, breach of fiduciary duty, and unjust enrichment.[1]

---

[1] Phillips burdens review of this cause by improperly citing to and relying upon Rule 198 "deemed" admissions when, in fact, those admissions had been set aside by the court before the summary-judgment hearing. By motion, appellees requested this Court to sanction Phillips based,

Appellees' motion for summary judgment asserted among other things that there was no evidence of one or more of the statutory factors that indicated the parties intended to form a partnership.[2]

Appellees' summary-judgment proof shows that Boo is a limited-liability company engaged in the seasonal business of selling Halloween merchandise on consignment. Steven Smith is the managing member of Boo and Linda, who is not a member of Boo, helps him operate the business. For two or more Halloween seasons, Phillips had lent substantial sums of money to Boo for its annual operations. These loans were evidenced by promissory notes that were repaid with interest. The summary-judgment proof showed further that in 2010 Phillips approached Steven Smith about becoming a member of Boo. Smith did not agree to this request, but did offer Phillips an opportunity to share profits in three of Boo's stores for the upcoming Halloween season provided that Phillips pay one-half of the expenses and participate in the operation of those stores throughout the Halloween season. Phillips contributed one-half of the expenses of the three stores, but he failed to help in their operation throughout the season. As a result, Boo did not share profits from the operation of those stores with Phillips, but it did repay him $80,000 with interest for the loans that he had made to Boo to fund the 2010 season.

in part, upon his citing the "deemed" admissions in his brief, thereby representing to the Court that such admissions were part of the summary-judgment proof. We will overrule appellees' motion. In our review of the record, we will, of course, disregard the deemed admissions.

[2] It appears that appellees' motion for summary judgment was drawn pursuant to Texas Rule of Civil Procedure 166a(i). Although not required, appellees presented supporting summary-judgment evidence.

In his summary-judgment response, Phillips asserted that in March 2010, the parties signed a Letter of Understanding (LOU) pertaining to the operation of a business engaged in selling Halloween merchandise. Phillips maintained that the LOU "evidenced both the creation of a partnership as well as Phillips's right to one-half of the net proceeds."

The LOU provides as follows:

Letter of Understanding

This Letter of Understanding (LOU) will confirm what was discussed this date by Linda and Steve Smith and Gary Phillips.

Steve and Linda Smith dba Boo 2 You, LLC and Gary Phillips have agreed to open several more stores under the franchise granted to Boo 2 You, LLC by parent company Spirit Halloween, Egg Harbor Township, New Jersey. The parties have agreed to open stores in Huntsville and Waco, Texas and any other store opportunities that Spirit Halloween may grant to Boo 2 You, LLC in the future.

The partnership between the parties has been agreed [sic] to provide for a 50/50 split in the net proceeds of the above mentioned stores. This shall require both parties to equally share in the expenses of opening such stores.

This date a check in the amount of $5,000 is being tendered to Boo 2 You, LLC by Gary Phillips which shall represent 50% of the consignment deposit that is required by Spirit Halloween. These monies shall be expressly used for this purpose and no other purpose. It is understood that the consignment deposit shall be the first monies disbursed to the parties after satisfying all expense associated with the operation of the stores above. After these monies ha[ve] been disbursed to the respective parties, all net proceeds shall be split 50/50. Each party shall be individually liable for all federal, state, local and any other taxes that may be owed.

After a hearing, the trial court granted appellees' motion for summary judgment and imposed sanctions on Phillips, concluding that his lawsuit was frivolous and was vexatiously prosecuted for the purposes of harassment.

3

## Existence of Partnership

In Texas, a general partnership is an association of two or more persons to carry on a business for profit as owners, regardless of whether the persons intend to create a partnership or whether the association is called a "partnership." Tex. Bus. Orgs. Code § 152.051(b). Factors indicating that persons have created a partnership include:

(1)     receipt or right to receive a share of the profits of the business;

(2)     expression of an intent to be partners in the business;

(3)     participation or right to participate in control of the business;

(4)     agreement to share or sharing:
        A.      losses of the business; or
        B.      liability for claims by third parties against the business; and

(5)     agreement to contribute or contributing money or property to the business.

*Id.* § 152.052(a).[3]

The Supreme Court has adopted a "totality-of-the-circumstances test" for partnership formation. *See Ingram v. Deere*, 288 S.W.3d 886, 896 (Tex. 2009). In *Ingram*, the court acknowledged that the totality-of-the-circumstances test may be difficult to apply uniformly, but it offered guidelines for application. *See id*. at 898. An absence of evidence as to all five factors will preclude the recognition of a partnership and even conclusive evidence of only one factor

---

[3] The previous statute, Texas Revised Partnership Act, expired on January 1, 2010, several months before all of the events made the basis of this appeal. General partnerships are now governed by Chapter 152 of the Texas Business Organizations Code. *See* Tex. Bus. Orgs. Code §§ 152.001–.914.

4

will normally be insufficient to establish the existence of a partnership. *Id*. On the other hand, conclusive evidence of all five factors will establish the existence of a partnership as a matter of law. *Id.* Points on the spectrum between the extremes present the "challenge" of the totality-of-the-circumstances test. *Id.* In *Ingram*, the court concluded that the proponent of the partnership agreement adduced no evidence of any of the five factors, and therefore that there was no partnership as a matter of law. *See id*. at 904; *see also Hoss v. Alardin*, 338 S.W.3d 635, 650 (Tex. App.—Dallas 2011, no pet.) (concluding that because proponent of partnership adduced no evidence of four factors and only weak evidence of fifth factor, there was no partnership as matter of law).

In his summary-judgment response, Phillips relies upon his affidavit, his deposition testimony, the LOU, and the "deemed" admissions as support for all of the section 152.052(a) factors.

We will consider whether there is any genuine issue of material fact as to the factors indicative of a partnership. Initially, we observe that statements in Phillips's affidavit and deposition to the effect that the parties agreed to enter into a partnership are legal conclusions by a lay witness and do not prove the existence of a partnership. *See Hoss*, 338 S.W.3d at 644–45 (citing *Ben Fitzgerald Realty Co. v. Muller*, 846 S.W.2d 110, 121 (Tex. App.—Tyler 1993, writ denied)).

**Profit Sharing**

Phillips claims that he produced "almost insurmountable evidence" that the partnership existed. He suggests that the LOU memorializes the partnership formation and sets out

5

its terms. He points to the language in the LOU providing for a "50/50 split in the net proceeds" of the three stores as satisfying the profit-sharing factor. *See* Tex. Bus. Orgs. Code § 152.052(a)(1).

The LOU does refer to a profit-sharing agreement of some character between the parties arising from the operation of three stores. The Smiths claim, however, that the agreement was conditioned upon Phillips lending the business $80,000 to be repaid with interest when the 2010 Halloween season's books were closed and upon Phillips working at the three stores throughout the 2010 Halloween season. Although nothing in the LOU refers to an "agreement" for Phillips to provide labor, Steven Smith's summary-judgment proof indicates that the profit-sharing agreement included Phillips's provision of some character of labor at the three stores.

Phillips lent the business the money that was repaid with interest, but he did not work in the stores through the Halloween season. After a dispute with Linda Smith at the end of the second week in October, Phillips left work and did not return.

The receipt or right to receive a share of the profits of the business is one factor indicating that persons have created a partnership. However, an agreement to share profits does not, alone, establish the fact of partnership because partnerships are not the only business arrangements in which profits are shared. *See* Tex. Bus. Orgs. Code § 152.052(b)(1). If persons sharing profits do not intend to share them as co-owners, they are not partners. *See Strawn Nat'l Bank v. Marchbanks*, 74 S.W.2d 447, 450 (Tex. Civ. App.—Eastland 1934, writ ref'd); *see also Tex-Co Grain Co. v. Happy Wheat Growers, Inc.*, 542 S.W.2d 934, 936–37 (Tex. Civ. App.—Amarillo 1976, no writ). Furthermore, the Texas Business Organizations Code in its definition of partnership recognizes ownership as an element of partnership. *See* Tex. Bus. Orgs. Code § 152.051(b). Upon

this authority, the Smiths then argue that the profit-sharing agreement was not based upon Phillips's co-ownership of the business, but instead upon his performance of work at the stores for the Halloween season.

To the contrary, Phillips summary-judgment proof indicates that he did not have a commitment to work at the stores. Instead, he was working there for "fun" and to have something to do to fill out the days.

We conclude that the summary-judgment record raises a genuine issue of fact as to this factor.

**Expression of Intent to Be Partners**

The expression of an intent to be partners in the business is one of the factors employed in determining whether a partnership exists. *See id.* § 152.052(a)(2). The Supreme Court in *Ingram* made clear that this factor is distinct from the other four factors and that courts, in reviewing facts said to support this factor, should only consider evidence not specifically probative of the other factors. *See* 288 S.W.3d at 900.

As we understand Phillips's brief, he relies primarily upon the LOU to establish that the parties intended to form a partnership. However, because Phillips relied upon the LOU in his effort to demonstrate the right to receive a share of the profits of the business, he may not also rely upon the LOU to establish an intent to form a partnership. *See id.* There is no other summary-judgment proof that the parties even discussed or used the word "partnership" to describe their relationship other than Phillips's non-probative deposition testimony regarding the execution of the LOU and the single mention of "partnership" in the LOU.

7

When considering whether the parties expressed an intent to be partners, courts should review the putative partners' speech, writing, and conduct. *Id.* at 899. Evidence of intent to become partners could include the parties' statements that they are partners, one party holding the other party out as a partner on the business's letterhead or name plate, or a signed partnership agreement. *Id.* at 900.

Phillips does not direct our attention to any proof in his summary-judgment response that the parties referred to each other as partners, held themselves out as partners, or had stationery, letterhead, business cards, or a bank account for the claimed partnership. Accordingly, there is no summary-judgment proof that the parties expressed an intent to be partners in the business.

**Control**

Shared rights to control the business, along with shared rights to profits, are generally considered the most important factors in establishing the existence of a partnership. *Id*. at 896. In his deposition, Phillips admitted that he had no control or managerial authority.

**Sharing of Losses and Liability for Third-Party Claims**

In his affidavit, Phillips tries to characterize his loans to Boo as his risk of loss. But there is no summary-judgment proof that the parties even discussed losses or liabilities for claims by third parties, much less agreed that Phillips's loan of $80,000 for expenses would cap his exposure for losses. *See id*. at 902 (finding no evidence of this factor when the parties never discussed losses, only expenses).

8

**Contributions of Money or Property**

For the 2010 Halloween season, Steven Smith asked Phillips for several loans totaling $80,000 for operation of the business. These sums were repaid along with 12% interest in less than a year. Phillips characterizes the $80,000 loan as a "capital contribution" with no further explanatory argument or authority. Viewed in isolation, Phillips's loans might be regarded as partnership contributions. However, we are charged not to view the partnership evidence in isolation but rather in the "totality of the circumstances." *Id.* at 897–98.

Phillips and the Smiths had a history of a lender–borrower relationship for some time before 2010. The money Phillips lent in 2010 and its repayment at 12% interest are entirely consistent with their past lender–borrower pattern. These loans appear less like a contribution from a partner and more akin to a loan from a lender. We conclude that the summary-judgment proof does not raise a genuine fact issue on this factor.

We have determined that Phillips failed to raise fact issues with respect to four of the five statutory factors. Phillips raised a fact issue as to only an agreement to share profits. Most of the summary-judgment proof, however, was inconsistent with the proposition that Phillips and the appellees formed a partnership. Under the totality-of-the-circumstances test prescribed by *Ingram*, we conclude that the summary-judgment proof failed to raise a genuine issue of fact as to the existence of a partnership. *See Hoss*, 338 S.W.3d at 650.

**Phillips's Remaining Claims**

Appellees moved for summary judgment on Phillips's claims for breach of contract, breach of fiduciary duty, and unjust enrichment. The court granted the motion for summary

judgment in its entirety. As we read Phillips's brief, he has either failed to complain on appeal of the court's disposition of these claims or has failed to provide briefing and argument in support of any such complaints. Appellate complaints are required to be supported by argument and authority, and if not so supported, the complaints are waived. *See* Tex. R. App. P. 38.1 (requiring appellate brief to include "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Hale v. Ramsey*, 524 S.W.2d 436, 438 (Tex. Civ. App.—Austin 1975, no writ) (citing *Rayburn v. Giles*, 182 S.W.2d 9, 13 (Tex. Civ. App.—San Antonio 1944, writ ref'd)); *see also Fredonia State Bank v. General Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (acknowledging appellate courts' discretion to deem inadequately briefed issues waived).

### Order Setting Aside Rule 198 Admissions

In his reply brief, Phillips, for the first time, attacks the trial court's order setting aside the Rule 198 admissions. Phillips's argument will not be considered. An appellant may not include in his reply brief a new issue not raised in the original brief. *Howell v. Texas Workers' Comp. Comm'n*, 143 S.W.3d 416, 439 (Tex. App.—Austin 2004, pet. denied) (citing Tex. R. App. P. 38.1 (limiting appellant's reply brief to "addressing any matter in the appellee's brief")).

### Sanctions Order

The court granted appellees' motion for sanctions and signed an order requiring Phillips to pay appellees $10,000 in attorney's fees and costs for filing the suit that the court found to be "frivolous and vexatiously prosecuted for the purposes of harassment." *See* Tex. Civ. Prac. &

Rem. Code § 10.001 (signing of pleading or motion indicates, among other things, signatory's belief that document not presented for "any improper purpose," including to harass, cause delay, or increase costs; and claims, defenses, and legal contentions are warranted and nonfrivolous).

The court considered the motion for sanctions immediately following the summary-judgment hearing. Appellees' counsel's affidavit proving up attorney's fees in the sum of $7,500 was before the court as was the summary-judgment proof. At the hearing, counsel represented that his attorney's fees had increased to $16,000 from the date of his affidavit to the date of the summary-judgment hearing

Appellees' counsel directed the court's attention to: (1) an element of Phillips's damage claim and (2) several discovery matters previously heard by the court. With respect to the damage claim, Phillips sought $6,250 for the "useful life" of shelves that appellees had purchased with money that Phillips had lent them even though the loan had been fully repaid with interest. Under the circumstances, Phillips had no legitimate claim to property purchased with funds from his loan. Counsel also recalled to the court's attention several discovery hearings in which Phillips had attempted to obtain appellees' financial records reflecting transactions occurring after the time period involved in the lawsuit.

An appellate court reviews a trial court's imposition of sanctions for an abuse of discretion. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Bennett v. Grant*, 460 S.W.3d 220, 255 (Tex. App.—Austin 2015, pet. filed). The reviewing court must determine that the sanctions were appropriate or just. *See American Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006). A sanction is just if there is a direct nexus between the improper conduct and the sanctions

imposed, and if the sanction is not excessive. *See id.* (citing *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991)).

The trial court had before it the summary-judgment record demonstrating the lack of merit of Phillips's partnership claim. The court could also consider the fanciful damage claim (the shelves) and the history of Phillips's harassing discovery battles. Phillips does not defend his damage theory (the shelves), nor does he dispute the occurrence of the discovery hearings. Further, Phillips does not contend that the amount of the sanctions order was excessive. We conclude that the sanction order was just and not an abuse of discretion.

The judgment is affirmed.

_____
Bob E. Shannon, Justice

Before Justices Goodwin, Bourland, and Shannon*

Affirmed

Filed: May 13, 2016


\* Before Bob E. Shannon, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).

12